| 65 | 411 |
| 77 | 557 |
| 77 | 559 |
| 77 | 560 |
| 65 | 411 |
| 78 | 460 |
| 65 | 411 |
| 92 | 526 |

[No. 8,040. Department Two.— July 22, 1884.]

## THOMAS KERNS, APPELLANT, v. E. J. McKEAN, RESPONDENT.

CONTRACT FOR SALE OF LAND — FORFEITURE — WAIVER — ADMINISTRATION. — Where by the terms of a contract for the sale of lands the vendor is authorized, upon default in the payment of any installment of the purchase money or interest thereon, to declare the contract forfeited by depositing a written notice to that effect in the office of the county recorder of the county where the lands are situated, and to enter immediately into the possession of the premises, and be restored to his former estate therein, *held*, the vendor's right to possession was not lost by mere delay in declaring the forfeiture, nor by the death of the vendee before such declaration, nor by a failure to present a claim to the administrator of the vendee.

APPEAL — CONTRADICTORY FINDING. — Where the findings are contradictory, the judgment will be reversed.

Appeal from a judgment of the Superior Court of Santa Cruz County.

The facts are stated in the opinion of the court.

*Charles B. Younger,* for Appellant.

*J. A. Barham* and *Garber, Thornton & Bishop,* for Respondent.

Thornton, J.— Action to recover possession of a parcel of land situated in the county of Santa Cruz. The defenses set up do not invoke any equity for defendant's protection. They are purely legal, and go to the plaintiff's claim to recover on his legal right to the possession. No equity to a specific performance of the contract referred to in the findings between Patterson and Sanford is put forth in the answer. Therefore the cases cited for respondent are not applicable.

The court rendered the following decision:—

"*First*—On and before the 25th day of October, 1867, W. H. Patterson was the owner of the premises described in plaintiff's complaint, holding the same by regular mesne conveyances from the heirs of José Amesti, a claimant of a grant from the Mexican government, which was in due form confirmed and patented to the heirs of said Amesti by the United States authorities.

"*Second*—That while said Patterson was so the owner of said premises, and on the 25th day of October, 1867, he made, entered into, and executed an agreement in writing with one A. P. Sanford, by the terms and conditions of which the said Sanford agreed to pay said Patterson the sum of $3,336, at the time and in the manner following, to wit:—

| | |
|---|---|
| October 25, 1867 | $500 |
| October 25, 1868 | 709 |
| October 25, 1869 | 709 |
| October 25, 1870 | 709 |
| October 25, 1871 | 709 |

Together with interest on said sums unpaid from October 25, 1867, at 10 per cent per annum, with like interest on all sums unpaid. The interest, if not paid, to be compounded from month to month. It was also provided in said agreement that

Sanford should keep all the taxes of every kind, laid, imposed, or assessed thereon, or which might *prima facie* appear to be laid, imposed, or assessed thereon, paid.

"*Third*—In consideration of these payments thus to be made, Patterson agreed and covenanted to execute to Sanford, upon the full payment of said several sums, a conveyance to the tract in question. It was further provided that in the event default should be made in the payment of any of said install-ments, either of principal or interest, or the payment of any taxes when the same became due, or should appear to be due, that the whole principal and interest should be due at the election of said Patterson, and that said Patterson might declare said agreement, and all the rights of said Sanford thereunder, for-feited and ended, by depositing written notice that he declares the same forfeited, in the office of the county recorder of Santa Cruz County, and immediately thereupon said Patterson should be at liberty and have the right to re-enter into the free and full possession of said premises, and should be restored to his former estate therein, and remove all persons therefrom, and all pay-ments thereto made thereon by Sanford should be retained as the compensation and equivalent for the use of said premises prior to said forfeiture. It was further provided in said agreement that said Sanford should take immediate possession of said premises, and hold possession thereof until default should be made in some one of the covenants and agreements contained, to be kept and performed by said Sanford. That said agreement was executed in duplicate, one of which was delivered to Sanford, the other to said Patterson. Said agreement, as attached to defendant's answer, is hereby referred to and made a part of this finding.

"*Fourth*—Under this agreement Sanford entered into pos-session and the occupation of said premises, and remained in the possession thereof until his death, Sept. 4, 1874.

"*Fifth*—That said Sanford made the following payments and no other on said contract:—

Oct. 25, 1867, by exchange of land............................ $500
Dec. 19, 1868, by cash........................................... 500
May 20, 1871, by cash............................................ 200

"That said Patterson never at any time took steps to enforce the collection of the payments in arrears on said contract, or to

declare a forfeiture of the same until September 17, 1875, after the death of Sanford, and that the notice mentioned in the sixth finding herein was filed with the county recorder without any previous demand or notice to said administrator. That said Patterson never demanded from said administrator the payment of any arrears of purchase money due on said contract.

"*Sixth*—Upon the 17th day of September, 1875, Patterson filed in the office of the county recorder of Santa Cruz County a notice in writing, declaring the agreement with Sanford forfeited and ended, upon the grounds that neither the installments of principal or interest had been paid as provided for in said agreement.

"*Seventh*—That on the 4th day of September, 1874, Sanford died intestate at the county of Santa Cruz. At the time of his death he was a resident of the county of Santa Cruz. That one P. F. Dean, on or about the 6th day of September, 1874, filed his petition in the Probate Court of said Santa Cruz County, praying an order of said court appointing him administrator of the estate of A. P. Sanford, deceased. That such proceedings were afterwards had and taken in said court upon said petition. That upon the 18th day of September, 1874, said court duly made and entered its order and decree, appointing said Dean administrator of said estate of Sanford, deceased. That Dean duly qualified as such, and letters of administration, on or about the day last above named, issued to him. That he thereupon entered upon his duties as such administrator, ever since has been, and still is, the duly appointed, qualified, and acting administrator of said estate.

"*Eighth*—That on or about the 18th day of September, 1874, said Dean, as administrator of the estate of A. P. Sanford, deceased, entered into and took possession of the premises described in plaintiff's complaint, and remained in the possession thereof in person and through his tenants until the 1st day of November, 187 , when he let and hired the same to this defendant for the term of one year from that date. That on said last-named day, defendant, as tenant of Dean, under the lease, took possession of said premises, and was in possession thereof when this action was commenced.

"*Ninth*—That such proceedings were had and taken in said estate in the Probate Court of Santa Cruz County, on or about

the —— day of ——, 187 ; the said court duly made and entered its order and decree in the matter of said estate, showing and decreeing that due notice to the creditors of said estate had, before that date, been duly given and made by the administrator of said estate. That the first publication of said notice was made on the 9th day of October, 1874.

"*Tenth* — That neither Patterson nor plaintiff ever, at any time, presented any claim against said estate to said administrator.

"*Eleventh* — That on the 13th day of December, 1876, said William H. Patterson executed to plaintiff a warrantee deed of said premises.

"*Twelfth* — That while defendant was so in the possession of said premises, and before this suit was commenced, plaintiff demanded of defendant the possession of said premises, which was refused. That plaintiff has never been permitted to enter into the possession of said premises.

"*Thirteenth* — That the value of the use and occupation of said premises is six hundred dollars per annum.

"*Fourteenth* — That on the 20th day of May, 1876, plaintiff commenced his action against said P. F. Dean *et al.*, in the District Court of the 20th Judicial District of the State of California, in and for Santa Cruz County, to recover the possession of said premises, and that said action *is* still pending and undetermined.

"*Fifteenth* — That said A. P. Sanford, from and after about January 1, 1873, was in the open, notorious, and exclusive possession and occupation of said premises, claiming the same adverse to the whole world.

"*Sixteenth* — That on or before the commencement of this action plaintiff had full knowledge and notice of the possession and occupation of said premises by Sanford and Dean, and of the character of defendant's occupation thereof.

"*Seventeenth* — That W. W. Stow was, at the date of the contract between Patterson and Sanford, duly authorized and empowered by Patterson to execute same on behalf of Patterson and in his name."

By the terms of the contract as found, on default by Sanford (under whom defendant claims), in payment of principal or interest, Patterson, from whom plaintiff deraigns title, was

authorized to declare the contract forfeited and ended by depositing written notice to that effect in the office of the county recorder of Santa Cruz County, and immediately thereupon he should be at liberty and have the right to re-enter into free and full possession of the premises, and be restored to his former estate therein, etc. The default occurred, and Patterson filed the notice as allowed by the agreement.

This gave Patterson a right to the possession of the land, and he was entitled to recover it. We find no act of waiver of this right by Patterson. Delay in filing this notice was not a waiver. Indulgence or non-action is not a waiver of such right. (*Gray* v. *Blanchard*, 8 Pick. 291; *Lawrence* v. *Gifford*, 17 Pick. 366; *Hutcheson* v. *McNutt*, 1 Ohio, 15; *Jackson* v. *Crysler*, 1 Johns. Cas. 125; *Hunter* v. *Osterhoudt*, 11 Barb. 33; *Phelphs* v. *Ill. C. R. Co.* 63 Ill. 468; *Hegler* v. *Eddy*, 53 Cal. 597.) No notice was required from Patterson other than the notice filed. Parties certainly have a right to make their own contracts, when not violative of law. Granting that notice in some form is necessary, certainly the law will not require a notice different from that which the parties have agreed on. We do not perceive that this term of the contract as to notice is altered by the fact of Sanford's death. The contract had in it no such term, and the law does not authorize us to insert it. Patterson had a right to act on such stipulation with like effect, as well after as before the death of Sanford. Besides, before the action was brought, plaintiff demanded of defendant to be let into possession.

The law did not require Patterson to present any claim against the estate of Sanford to his administrator. He asked nothing against the estate. He was merely claiming his own property. The failure to present such claim was no defense to this action.

The fourteenth finding shows no defense to this action. The two actions were not against the same parties. It does not appear that defendant was a party to the action of plaintiff against "P. F. Dean *et al.*"

The fifteenth finding as to the adverse possession of Sanford and Dean, and the fourth finding, are contradictory. The latter finding distinctly states as a fact that Sanford entered into pos-

session and occupation of the premises under the agreement with Patterson, and remained in possession thereof until his death, September 4, 1874. That being the case, we cannot see that there was any adverse possession by Sanford. Dean was his administrator, and certainly as such held no possession adverse to Patterson.

Sanford having entered into possession under this agreement, there certainly could be no hostile possession by him to Patterson, unless it was clearly manifested to his vendor by unequivocal acts. (*Unger* v. *Mooney*, 64 Cal. 586.)

On account of the contradiction in the above findings, the judgment is reversed and the cause remanded for a new trial.

SHARPSTEIN, J., and MYRICK, J., concurred.

Hearing in Bank denied.