### KERNS v. DEAN.

#### No. 8041; April 28, 1885.

##### 6 Pac. 704.

**Vendor and Vendee—Contract for Sale of Land.**—On authority of Kerns v. McKean, 65 Cal. 411, 4 Pac. 404, judgment reversed, and cause remanded for a new trial.[1]

APPEAL from the Superior Court of Santa Cruz County.

This action was brought with and at the same time as Kerns v. McKean, 65 Cal. 411, 4 Pac. 404, and involves the same question, based on the same facts as in that action.

---

[1] Cited in 77 Cal. 557, 19 Pac. 817, where the case is decided, after having been sent back in the first instance.

C. B. Younger for appellant; J. A. Barham for respondent.

By the COURT.—This action depends in the main on the same facts as Kerns v. McKean, 65 Cal. 411, 4 Pac. 404. No defense of the statute of limitations, or of another action pending between the same parties for the same cause, is here set up. The points involved herein are passed on in Kerns v. McKean, and determined adversely to the defendant in this cause.

The judgment is reversed, and the cause is remanded for a new trial.

THORNTON, J.—I dissent. In this cause a judgment was rendered in Department 2, and a rehearing was granted on a claim preferred by defendant that the cause should have been, in case judgment was reversed (as it was), remanded for a new trial. The defendant, to sustain his contention, urged that the facts were not properly found, and that on another trial he could prove such a state of facts as would demonstrate that the judgment should be in his favor. The appeal herein is on the judgment-roll alone. There is no statement or bill of exception and no facts before us, save such as are contained in the findings of fact. All the material issues were found upon, and the facts as found warranted a judgment for plaintiff as ordered by the department.

It is urged to sustain defendant's contention that, inasmuch as judgment passed for defendant, he could not move for a new trial. But if he was aggrieved by any finding of fact, he was entitled to move. Such is the language of the statute in regard to motions for new trials. By section 657, Code of Civil Procedure, it is enacted that "the former verdict or other decision may be vacated and a new trial granted, on the application of the party aggrieved," etc. If the facts found, or any of them, on a material issue are not found in accordance with the evidence, is not the party aggrieved whether judgment is entered for him or not? We cannot see that he is not. In fact, that in such case he is aggrieved is manifest from the sixth subdivision of section 657, in which is enumerated as one of the causes for which a new trial may be granted, "insufficiency of the evidence to justify the verdict or other decision." The causes for which a new trial will be

granted and the grievances are commensurate. If the cause exists the party is aggrieved—and he is aggrieved because the cause exists. There is no such restriction on the party's right to have a new trial, that judgment has been rendered in his favor. The only restriction is that the cause is one "materially affecting the substantial rights of the party": Code Civ. Proc., sec. 657. If any material fact is improperly found—found against his contention, and without evidence sufficient to sustain it—he is aggrieved within the significance of the statute. The same words are used to designate a party entitled to prosecute an appeal: "Any party aggrieved may appeal," etc.: Code Civ. Proc., sec. 938. One not a party to the action cannot be a party aggrieved. Senter v. De Bernal, 38 Cal. 640. But when the statute has provided a mode of appeal, that must be followed, and within the time prescribed by law, or the appeal will be dismissed. Should not the same rule apply to a motion for a new trial?

The circumstance that the judgment has been erroneously rendered for the defendant, when it should have been for plaintiff, is a question of law, which defendant under the advice of counsel is bound to determine for himself. If he is satisfied to rest on it as rendered, he assumes the risk of having it reversed in the appellate court and a proper judgment entered. But he cannot, when judgment is so rendered by this court on error or appeal, be entitled to have the cause sent back for a new trial on the facts, without having taken the steps required. When any party is entitled by law to a new trial, he can procure it only, except where the court grants it on its own motion under section 662, Code of Civil Procedure, by giving notice of his intention to move for it within ten days after the verdict of the jury, or within ten days after notice of the decision of the court or referee (Code Civ. Proc., sec. 659), or such further time as the court in which the action is pending, or a judge thereof, may grant by an order extending the time, such extension not to exceed thirty days without the consent of the adverse party: Code Civ. Proc., sec. 1054.

Now, if a new trial is granted herein by this court, the provision of the statute must be entirely disregarded, and such new trial will be allowed when years have elapsed since

the expiration of the period designated within which notice of intention to move should have been given. In this case the decision was filed on the 29th of April, 1881. A new trial granted to defendant under such circumstances would not only be in violation of the statute (Caney v. Silverthorne, 9 Cal. 67; Wing v. Owen, 9 Cal. 247), but might result in great hardship to the plaintiff. It must be remembered that the provision in relation to new trials is one having no existence outside of the provisions of the Code of Civil Procedure, and, to entitle a party to it, he must bring his application within those provisions.

Again, it has been invariably held that where the evidence is conflicting, neither the verdict of the jury nor the findings of the court will be disturbed. It has been so held uniformly from the beginning in this state—from Johnson v. Pendleton, 1 Cal. 132, to the last case of conflicting evidence in which the point was made. Who can tell whether in this case there was not a conflict of evidence? No evidence is before us, and, inasmuch as the court had jurisdiction, we are bound to presume, to sustain its action, that the court below committed no error in this regard, and that, on the evidence before it, the court properly found the facts.

The mode of trial adopted in this case by finding the facts was intended to avoid the necessity of moving for a new trial. As was said by Sanderson, J., speaking for the court in Tewksbury v. Magraff, 33 Cal. 247, ''the finding should contain all the facts disclosed by the evidence which, in the judgment of counsel on both sides, have any bearing upon the question as to what the judgment should be. Unless it does, it is no better than a general verdict, and wholly fails to accomplish the object intended, which is to obviate the necessity of a motion for a new trial and a preparation of a statement of the evidence preliminary to an appeal. In a vast majority of cases there would be no occasion for a motion for a new trial, and, as incidental thereto, for the trouble, labor, and expense of getting up a record upon which the motion is to be heard, if the findings were what they are designed to be, and what they ought to be; for in nine cases out of ten, where the trial is by the court, the sole controversy here is as to whether the conclusions of law are correct. In all such cases

there should be, and there certainly need be, no occasion for a motion for a new trial, or for bringing the evidence to this court in any form." Limiting the findings to the material issues joined, the above remarks are correct.

There is another mode in which the defendant might have had the facts reviewed in this case, viz., by appealing from the judgment within sixty days after its rendition (Code Civ. Proc., sec. 939), and annexing a statement of the case to the record showing that the decision was not sustained by the evidence. This was not done herein. We cannot see how the defendant was entitled to have a new trial, under the laws of this state, when he has failed to adopt the mode of showing his right thereto prescribed by the statute regulating the subject. There having been no motion for a new trial, and the appeal not having been presented to us so as to review the facts under section 939, Code of Civil Procedure, the defendant cannot here question the facts found: Gay v. Moss, 34 Cal. 135.

I am of opinion that the judgment of Department 2 is correct, and should stand as the judgment of the court.