[No. 8211.   In Bank. — December 18, 1888.]

THOMAS KERNS, RESPONDENT, *v.* P. F. DEAN, ADMINISTRATOR OF ESTATE OF A. P. SANFORD, DECEASED, APPELLANT.

VENDOR AND PURCHASER — EJECTMENT— PAYMENT — EVIDENCE — BOOKS OF ACCOUNT. — In an action by the grantee of a vendor against a purchaser in possession under a contract of sale from the vendor, to recover possession of the premises for non-payment of purchase-money, it is not admissible for the plaintiff, upon the question of non-payment, to introduce the books of account of the vendor, without proof of their correctness as books of original entry, for the purpose of showing that certain sums, and none others, had been paid under the contract.

ID. — PLEADING. — In an action of ejectment by a vendor, or his grantee, against a purchaser in possession under a contract of sale, the complaint may merely state a cause of action in ejectment, in which event the defendant must set up the equities which he claims under the contract. But if the complaint states the contract, and also states a cause of action in ejectment, it is not demurrable, because it states facts affording the defendant an opportunity to redeem, by complying with the contract within a reasonable time, so as to avoid the effect of a judgment of restitution; nor is such complaint demurrable as containing separate causes of action which are not separately stated.

ID. — FINDINGS — The court, in such an action, where issues are raised thereon, should find specifically as to the seisin of plaintiff, and as to

whether the plaintiff's right to recover is barred by the statute of limitations, and also as to the knowledge by the vendor of an adverse possession of the purchaser in possession under the contract of purchase.

ID. — STATUTE OF LIMITATIONS. — In such an action, the purchaser in possession cannot defend on the ground that the amounts due on the contract of sale are barred by the statute of limitations. The only question under that statute is, whether or not plaintiff's right to recover the land is barred.

ID. — ADVERSE POSSESSION — CONTRACT OF PURCHASE — NOTICE OF FORFEITURE. — Possession taken under a contract of purchase cannot be adverse as against the vendor, unless its hostility is manifested by unequivocal acts brought expressly to the knowledge of the vendor, or of such a character as clearly to charge him in law with such knowledge. If action is commenced within five years after filing notice of forfeiture with the county recorder, under the provisions of the contract of purchase, it is not barred, unless there has been a hostile possession for more than five years manifested as above indicated.

ID. — EXECUTORS AND ADMINISTRATORS — PRESENTATION OF CLAIM. — In an action of ejectment by the grantee of a vendor against the administrator of a purchaser in possession, under a contract of purchase, brought for non-payment of the purchase-money, it is not necessary to present a claim for the purchase-money to the administrator if nothing is asked against the estate.

ID. — FORFEITURE OF CONTRACT OF PURCHASE — NOTICE OF FORFEITURE — RENTS AND PROFITS. — If a contract of purchase provides that in case of non-payment of purchase-money the vendor may declare all rights thereunder forfeited and ended, by depositing a notice to that effect in the office of the county recorder, and that the vendor shall retain all moneys paid as compensation for use of the premises, the vendor cannot, under any circumstances, recover rents for any period prior to the filing of the notice of forfeiture, as his right to rents and profits prior to that act is limited to the payments which had been made on the contract.

EXECUTORS AND ADMINISTRATORS — REMOVAL OF ADMINISTRATOR — RIGHTS OF SUCCESSOR — APPEAL — SUBSTITUTION OF PARTY. — When an administrator defendant is removed, pending an appeal, his successor appointed after the removal has the right to prosecute the appeal and defend the action.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.

The action was brought by Thomas Kerns as the grantee of W. H. Patterson, to recover the possession of land which had been sold to A. P. Sanford, deceased, in his lifetime, by said Patterson, under a contract which is fully described in the opinion. Further facts are stated

in the opinion of the court, and in the cases therein referred to.

*Garber & Bishop,* and *J. A. Barnham,* for Appellant.

*Charles B. Younger,* for Respondent.

McFARLAND, J.—Plaintiff had judgment, and defendant appeals from the judgment, and from an order denying a new trial.

Many of the facts and questions involved in this case are identical with those which were before this court in the cases of *Kerns* v. *McKean,* 65 Cal. 411; *Kerns* v. *McKean,* 76 Cal. 87; and *Kerns* v. *Dean,* 6 Pac. Rep. 704. The most of the facts are stated in the opinion of the court in said case of *Kerns* v. *McKean,* 65 Cal. 411. It is sufficient to say here that on October 25, 1867, W. H. Patterson, being the owner in fee of the land described in the complaint, made a written contract with A. P. Sanford, now deceased, by which the latter agreed to pay the former a certain sum of money,—five hundred dollars in cash, —and the balance in four equal annual payments, with a stipulated interest; and Patterson agreed that upon the payment of said money he would convey the land to Sanford. By the terms of the contract Sanford was to have possession of the land, and he immediately took possession under the contract, and he and his administrators have been in possession ever since. It was provided that if Sanford failed to pay any installment when due, Patterson might declare the contract, and all of Sanford's rights thereunder, forfeited and ended, by depositing a notice to that effect in the office of the county recorder. It was also provided that Sanford should pay all taxes on the land, and that upon a forfeiture Patterson should retain all moneys that should have been paid by Sanford as compensation for use of the premises. Patterson filed the notice of forfeiture on the eighteen day of September, 1875; and on December 13, 18

he conveyed the land to plaintiff. Sanford died September 4, 1874. Dean was removed as administrator, and Edward White was appointed and substituted as appellant, after the appeal reached this court.

The complaint avers that Sanford has paid altogether $1,200 on said contract; that no other amount has been paid thereon by him, or by defendant, or any other person, and that a large sum remains unpaid,—amounting, as found by the court, to $9,017.90. This is denied by the answer, in which it is averred that the whole amount had been paid. The issue thus made was the principal matter of fact in contest. The plaintiff, to maintain his side of the issue, was allowed to introduce, over the objection of defendant, a certain account-book of Patterson, which showed that Sanford had made three several payments, amounting in all to $1,200,—the purpose being to show that no more than that sum had been paid.

We shall not here enter anew upon the discussion of the question whether the admission in evidence of the account-book was a material error. The question was fully discussed in the opinion of this court, delivered by Mr. Justice McKinstry, in *Kerns v. McKean*, 76 Cal. 87, and the conclusion was there reached that the admission of the book was a reversible error. And while the ruling there may not be absolutely the "law of the case" in the case at bar, still, as the question there was entirely identical with the one presented here, we think that it should be taken as conclusive upon the point. For this error, therefore, the judgment must be reversed.

There are some other matters which should be noticed for the benefit of the court below, in the event of another trial.

1. While the complaint, on the first glance, no doubt, presents some apparent confusion of ideas, still we think that the demurrer was properly overruled. The plaintiff might have contented himself with merely stating ts sufficient to constitute a cause of action in eject-

ment.  In that event, defendant would have been compelled to set up the contract if he desired to claim any equities under it.  But plaintiff chose to state the contract in his complaint, and to there disclose the rights which defendant might claim under it; and as the complaint, we think, states sufficient facts to constitute a cause of action in ejectment, it is not demurrable, because it also states facts which give defendant an opportunity to redeem, and to avoid the effect of a judgment for restitution, by complying with the contract.  And for the same reason, appellant's position, that the amounts alleged to be due on the contract are barred by limitation because they were all due more than four years before the commencement of the action, is not tenable. The theory of the complaint is, not that plaintiff is entitled to an absolute judgment for what was unpaid on the contract, but that he could recover possession of the land unless the defendant paid the amount due within a reasonable time, — which is fixed by the judgment at eighty days.  The defendant's right to redeem is not a question in the case, because the plaintiff concedes it.  The question under the statute of limitations is, whether or not plaintiff's right to recover the land is barred.  Neither do we think that the complaint is demurrable, on the ground that it contains separate causes of action not separately stated.

2. The court should have found more specifically as to the *seisin* of plaintiff, and as to whether plaintiff's right to recover the land was barred by the statute of limitation.  With respect to the latter question, as Sanford entered into possession under the agreement with Patterson, such possession by him and his administrator could not be adverse unless its hostility was manifested by unquestionable acts brought expressly to the knowledge of Patterson, or of such a character as to clearly charge him in law with such knowledge.  (*Kerns* v. *McKean*, 65 Cal. 411.)  And there should be a specific find-

ing upon this point. The action having been commenced within five years after the filing of the notice of forfeiture, it certainly was not barred unless there had been a hostile possession for more than five years manifested as above indicated.

3. As nothing was asked against the estate, there was no necessity to present the claim to the administrator (*Kerns* v. *McKean*, 65 Cal. 416.)

4. We do not think that plaintiff is entitled, under any circumstances, to recover rents for any period prior to the time of the filing of the notice of forfeiture in the office of the county recorder. Prior to that act Patterson's right to rents and profits was limited to the payments which had been made on the contract.

5. White as administrator, appointed after the removal of Dean, has the right to prosecute this appeal, and defend the action.

The judgment and order denying a new trial are reversed, and the cause remanded for a new trial.

SEARLS, C. J., SHARPSTEIN, J., PATERSON, J., and THORNTON, J., concurred.