[No. 14058. In Bank.—March 28, 1891.]

In the Matter of the Estate of J. H. DANIELSON, Deceased. EDWARD ERLANGER, Appellant, v. WILLIAM DANIELSON, Respondent.

Appeal — Dismissal — Failure to File Undertaking — Order Revoking Letters of Administration. — An administrator of an estate, who appeals from an order of the superior court revoking his letters of administration, is required to give an undertaking on appeal, and the appeal will be dismissed where no undertaking on appeal is filed, although it appears from the transcript that an order was made dispensing with the security.

Id. — Construction of Code — Proceeding upon Estate — Acting in Another's Right. — An appeal by an administrator of an estate from an order revoking his letters is not a proceeding had upon the estate of which he was administrator, within the meaning of section 965 of the Code of Civil Procedure, providing that no bond need be given in such cases; nor is he acting in another's right in taking such appeal, within the meaning of section 946 of the Code of Civil Procedure, providing for an order dispensing with the security on appeal.

Motion to dismiss an appeal from an order of the Superior Court of Tulare County revoking and granting letters of administration.

The facts are stated in the opinion.

*Justin Jacobs*, for Appellant.

*Lamberson & Taylor*, for Respondent.

The appeal should be dismissed, as the appellant is not within the meaning or intent of section 940 of the Code of Civil Procedure, but is simply a person here defending his own personal and individual right to act as administrator of this estate. (*In re Henriques*, 21 Pac. Rep. 80; *Battle* v. *Howard*, 13 Tex. 345.) Even if this is a case in which the court can dispense with the security on an appeal, it cannot do so after the time in which an undertaking could have been filed. (*Stratton* v. *Graham*, 68 Cal. 168; *Duffy* v. *Greenebaum*, 72 Cal. 157; *Biagi* v. *Howes*, 63 Cal. 384; *Reed* v. *Kimball*, 52 Cal. 325.) The

appeal being ineffectual for any purpose without the filing of the undertaking, or, in a proper case, the dispensing with the security by order of the court within the proper time, the appeal should be dismissed. (*Biagi* v. *Howes,* 63 Cal. 384; *Stratton* v. *Graham,* 68 Cal. 168.)

TEMPLE, C.—J. H. Danielson died intestate and unmarried, leaving two brothers in this state.

March 13, 1890, the appellant, who was not a relative of decedent, filed a petition asking for letters, and at the same time the written consent of Theodore Danielson, a brother of deceased, to his appointment.

March 24, 1890, Theodore Danielson filed a petition asking for letters for himself.

April 7, 1890, the court appointed both petitioners administrators, and both qualified.

April 29, 1890, William Danielson, another brother of the decedent, who had been temporarily absent from the state, filed a petition asking that Erlanger's appointment be revoked, and that he be appointed in his stead.

July 9, 1890, the court, after due notice, made an order revoking the letters to Erlanger, and appointed William Danielson. In making this order the court assumed to be acting under section 1383 of the Code of Civil Procedure. From these orders Erlanger appeals. July 16, 1890, the notice of appeal was served and filed.

No undertaking on appeal was filed, but according to a statement in the transcript an order was made September 15, 1890, dispensing with security on appeal. Such order is supposed to be authorized by section 946 of the Code of Civil Procedure. It is also contended that no bond was required under section 965 of the Code of Civil Procedure.

We cannot agree with this contention. Plainly, on this appeal the appellant is not acting in another's right in the sense of section 946 of the Code of Civil Procedure. And we think it equally evident that section 965 has no

application to this case.   This is not a proceeding had upon the estate of which he was administrator, within the purview of that section.   In the first place, he was not administrator.   Whatever effect his appeal, when perfected, would have upon the order removing him, it was in full force until then.   It follows that when he filed his notice he was not such officer, and then had no administrator's bond.   Suppose the contrary were held, and the order removing him was affirmed: how could his sureties be held for costs incurred after his duties as administrator had ceased?

But the section has reference to matters in which the estate is interested.   This is his personal matter.   The undertaking of his sureties is, that he shall faithfully perform the duties of his office.   How can he be said to be discharging official duty in appealing from an order relieving him from such duty?   It is true, the legislature has the power to provide for obligations not mentioned in the bond, or entirely outside of its apparent scope; and one becoming surety after the law has been enacted will be bound accordingly, for he will be presumed to know of the law.   But this is a harsh rule, and the legislature will not be presumed to have intended such consequence, unless the intent is clear.   Here the intendments are all the other way.   We think the appeal should be dismissed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the appeal is dismissed.