[Civil No. 1000.   Filed March 22, 1907.]

[89 Pac. 540.]

In the Matter of the Estate of FRANCISCA MORALES, Deceased. M. PENA DEL PINO, Plaintiff and Appellant, v. LIBRADA DE ROMERO, Defendant and Appellee.

1. APPEAL AND ERROR—EXECUTOR—BOND—NECESSITY—REV. STATS. ARIZ. 1901, PAR. 1947 —CONSTRUED.—Paragraph 1947, providing, "When an appeal is taken by an executor or administrator, no bond shall be required unless such appeal personally concerns him, in which case he must give bond," an appeal by a person from an order

revoking letters of administration to him and granting letters to another requires the giving of a bond, as such an appeal is made in a personal and not a representative capacity.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima. John H. Campbell, Judge. Dismissed.

Lovell & Richey, for Appellee.

DOAN, J.—The probate court of Pima county, on April 2, 1906, appointed the appellant administrator of the estate of Francisca Morales, deceased, and he duly qualified as such; but, on the petition of Librada de Romero, alleging that she was a daughter and the heir at law of the deceased, and as such was entitled to such appointment, the probate court revoked the letters that had been granted to the appellant, and removed him from the administratorship of the estate, and issued to the said Librada de Romero letters of administration for the same. From such judgment and decree of revocation and removal, the appellant gave notice of appeal, and presented to the district court of Pima county the transcript of the proceedings had in the probate court, but executed and filed no appeal bond. The district court, on September 13, 1906, dismissed the appeal for want of jurisdiction, upon the ground that no appeal bond had been filed in the probate court, and therefore no appeal had been perfected. The appellant gave notice of appeal from the judgment of dismissal entered in the district court, and has filed in this court the transcript of the proceedings in the probate and district courts, but has again given no appeal bond.

The appellee has interposed in this court a motion to dismiss the appeal, "upon the ground that the appellant has failed to execute or file any appeal bond herein, as required by paragraph 1506, Revised Statutes of 1901." We held, in *Putnam* v. *Putnam*, 3 Ariz. 182 (*sub nom. Sutherland* v. *Putnam*, 24 Pac. 320), that the supreme court has no jurisdiction of a case upon appeal, unless an appeal bond in form as required by statute, or, in lieu thereof, an affidavit of inability to give bond, be filed in the lower court within twenty days after the term at which the judgment appealed from was rendered, and we have invariably adhered to that rule.

XI Ariz.—11

It has been suggested in the brief of the appellee that, in the two appeals he has attempted in this case, the appellant has relied upon the provisions of paragraph 1947, Revised Statutes of 1901, which provides: "When an appeal is taken by an executor or administrator, no bond shall be required, unless such appeal personally concerns him, in which case he must give bond." That paragraph, if relied upon, would afford no authority for an appeal without bond in this case, even if this appeal had been taken by him as administrator, because his personal interest in the case would, under the exception at the close of the paragraph, necessitate his giving bond. But this action is not brought by him as administrator; he has brought this appeal in his individual capacity from the judgment of the probate court that canceled his letters of administration and removed him from the position of administrator, and he is, as an individual, seeking to reverse that judgment and be reinstated as administrator of the estate. It is not only the rule that, "when an executor or administrator appeals from a judgment affecting him personally, he must give bond in like manner as any other person appealing from a judgment by which he considers himself personally aggrieved" (2 Cyc. 823), but it is also a well-settled rule that, when he, as an individual, appeals from an order removing him as administrator of an estate, he does not act in a representative capacity in prosecuting such appeal, and is therefore not relieved from giving an appeal bond, and this, for the reason that such an appeal is a personal matter, and not one in which the estate is interested. *Coutlet* v. *A., T. & S. F. R. R. Co.*, 59 Kan. 772, 52 Pac. 68; *Mallory* v. *B. M. Ry. Co.*, 53 Kan. 557, 36 Pac. 1059; *Erlanger* v. *Danielson*, 88 Cal. 480, 26 Pac. 505.

The proceedings had in this case being insufficient under the rule as above declared to perfect the appeal from the lower court and to confer upon this court jurisdiction, the appeal is dismissed.

KENT, C. J., and SLOAN and NAVE, JJ., concur.