[S. F. No. 5000. In Bank.—October 13, 1908.]

In the Matter of the Estate of GEORGE S. McPHEE, Deceased. J. S. CORRIGAN, Administrator, etc,. Appellant; ALTA McPHEE, Contestant and Respondent.

APPEAL—ALTERNATIVE METHOD UNDER ACTS OF 1907—CONSTITUTIONAL LAW—TITLE OF ACTS.—Neither the act (Stats. 1907, p. 753) entitled "An act to add three new sections to the Code of Civil Procedure, to be known as sections numbers 941a, 941b, and 941c of said code, respectively, providing a new and alternative method by which appeals may be taken from judgments, orders or decrees of the superior court of the state of California to the supreme court or district courts of appeal thereof," nor the act (Stats. 1907, p. 750) entitled "An act to add three new sections to the Code of Civil Procedure of the state of California to be known as numbers 953a, 953b, and 953c, relating to a new and alternative method for the preparation of records to be used on appeals from judgments, orders or decrees of the superior court to the supreme court or district courts of appeal," is violative of section 24 of article IV of the constitution, requiring that "every act shall embrace but one subject, which subject shall be expressed in its title."

ID.—EXPRESSION OF SUBJECT IN TITLE OF ACT.—The constitutional provision requiring the subject of an act to be expressed in its title must be liberally construed, and all that is required to be contained therein is a reasonably intelligent reference to the subject to which the legislation of the act is to be addressed. It is not necessary that it should embrace an abstract or catalogue of its contents.

ID.—SERVICE OF NOTICE OF APPEAL—DUE PROCESS OF LAW.—The provisions of the act providing for a new method of appeal do not operate to deprive a respondent of property without due process of law, merely because it fails to require that the notice of appeal shall be served on him. The constitutional provision as to due process of law has no application as to notices of appeal, in actions in which the court has already acquired jurisdiction over the parties by original process.

ID.—LEGISLATURE MAY DETERMINE METHOD OF APPEAL.—The method and procedure in taking an appeal is a matter for determination by

CLIV Cal.—25

the legislature, and it may provide for taking an appeal without any service of notice thereof.

ID.—PARTY TO ACTION HAS CONSTRUCTIVE NOTICE OF APPEAL.—A party to an action is constructively in court during its pendency, and it is not a violation of the constitutional provision to require him to take notice of any such appeal as part of the proceedings in the case. Having notice in law that the notice of appeal might be filed within a specified time, he is bound in law to take notice of its actual filing within that time.

ID.—PREPARATION OF TRANSCRIPT—NOTICE.—The provisions of the act relative to the method of preparing the transcript on appeal is not unconstitutional because it does not provide for service of the notice filed with the clerk that the appellant intends to appeal and requiring that a transcript be made up.

ID.—ACT APPLICABLE TO PROBATE ORDERS.—By the express terms of section 941a of the Code of Civil Procedure, the acts are applicable to appeals from probate orders.

ID.—APPEAL BY ADMINISTRATOR—REVOCATION OF LETTERS.—An administrator as such has the statutory right of appeal from an order settling his accounts, and the right to do so cannot be affected by an order revoking his letters.

ID.—UNDERTAKING FOR COSTS NOT NECESSARY.—The act (Stats. 1907, p. 753), does not require the appellant to file an undertaking on appeal for costs. The matter of dispensing with such undertaking was solely for the determination of the legislature.

MOTION to dismiss an appeal from the Superior Court of Mendocino County settling the final accounts of an administrator of the estate of a deceased person. Emmet Seawell, Judge presiding.

The facts are stated in the opinion of the court.

Thomas, Pemberton & Thomas, and Frank P. Deering, for Appellant.

Charles E. Wilson and J. W. Preston, for Respondent.

LORIGAN, J.—This is a motion to dismiss an appeal taken by the appellant as administrator of the above estate from an order settling his final account. The order of settlement was made January 8, 1908, and the notice of appeal filed March 7, 1908.

In taking the appeal and preparing the transcript to be used thereon the appellant proceeded under those certain sections

which were added to the Code of Civil Procedure at the last session of the legislature and which provided for a new and alternative method by which appeals might be taken and likewise a new and alternative method of preparing the records to be used on such appeals.

The title of the act containing the sections (Stats. 1907, p. 753) providing for such method of appeal is "An act to add three new sections to the Code of Civil Procedure, to be known as sections numbers 941a, 941b, and 941c of said code, respectively, providing a new and alternative method by which appeals may be taken from judgments, orders or decrees of the superior court of the state of California to the supreme court or district courts of appeal thereof."

The title of the act as to the method of preparing the records on such appeals (Stats. 1907, p. 750) is "An act to add three new sections to the Code of Civil Procedure of the state of California to be known as numbers 953a, 953b, 953c, relating to a new and alternative method for the preparation of records to be used on appeals from judgments, orders or decrees of the superior court to the supreme court or district courts of appeal."

Section 941a referred to in the title of the act first quoted provides that "appeals from all judgments, orders or decrees of any of the superior courts of this state reviewable by the supreme court or district court of appeals may in addition to other modes prescribed by law be taken pursuant to the provisions of the next section."

This next section—941b—provides that any person having a right of appeal from any judgment, order, or decree of the superior court may appeal therefrom by filing with the clerk of the court in which the judgment, order, or decree is entered, a notice of appeal, which notice may be filed at any time after the rendition of said judgment, order, or decree, but must be filed within sixty days after a notice of the entry thereof has been served on the attorney of record appearing in the case or proceeding. It further provides that "this notice need not be served on any of the parties to the action or the proceeding or their representatives or attorneys, but when filed . . . shall without further action on the part of the appellant transfer the cause for decision and determination to the higher court."

The sections referred to in the title of the other act quoted provide for a detailed new and alternative method of preparing records for use on appeal. We do not refer to them at length because we do not deem their consideration particularly necessary.

In taking his appeal appellant proceeded under the new and alternative methods provided for by the sections of the acts referred to. He filed his notice of appeal, but did not serve it on the contestant or her attorney. He likewise had his transcript prepared under the new method provided for doing so and in due time filed it in this court.

The motion of respondent to dismiss the appeal is based principally on the claim that the particular act of the legislature providing for a new and alternative method by which appeals may be taken is void.

It was also set forth in the notice of motion as one of the grounds upon which a dismissal would be urged that the transcript on appeal was not properly perfected under the new method providing for its preparation, but on the hearing this claim was, as we recall it, practically abandoned. If not, the point is without merit as an inspection of the record shows that the transcript properly conforms to all the requirements of the new procedure respecting its preparation. Some criticism is indulged in as to the meaning and construction of the provisions of the act authorizing its preparation, but these matters will be considered in disposing of the principal attack of respondent which is upon the act providing for the method of appeal as distinguished from the act providing for the method of preparing the record on appeal.

As to the attack upon the act providing for the method of appeal: The particular claim of respondent is that this act is invalid as violative of section 24 of article IV, of the constitution which provides that "Every act shall embrace but one subject, which subject shall be expressed in its title." He insists that the title to the act violates this provision because it is misleading and that the act embraces more subjects than are expressed in its title.

It is further insisted that by the provisions of the act, respondent is deprived of her property without due process of law.

As to the title to the act being misleading: It is the position of counsel that this follows from the use of the word

"alternative" in the act considered in relation to the provisions of the act itself; that the matter of appeal there provided for is not an "alternative" one, but it is intended to be and is exclusive. There is nothing in this claim. There was an existing method of taking an appeal when the act was passed for which the new method might be substituted, if an appellant should elect to do so, as an alternative, and the term was sufficiently clear as indicating the character of legislation intended.

Nor is the objection that the act embraces subjects not embraced in its title well taken. It is now well settled that the constitutional provision requiring the subject of the act to be expressed in its title must be liberally construed, and that all that is required to be contained therein in order to meet the constitutional requirement is a reasonably intelligent reference to the subject to which the legislation of the act is to be addressed. It is not necessary that it should "embrace an abstract or catalogue of its contents." (*People* v. *Linda Vista Irr. Dist.,* 128 Cal. 477, [61 Pac. 86]; *Deyoe* v. *Superior Court,* 140 Cal. 476, [98 Am. St. Rep. 73, 74 Pac. 28].) Considered under this rule there is nothing in the act itself foreign to the subject of the legislation expressed in its title. All its provisions apply to the subject of providing a method by which appeals may be taken from all judgments, orders, or decrees of the superior court.

In fact, when the objection of counsel that the act contains subjects not embraced in its title is considered in the light of the particular matters relied on by him as showing this, it is apparent that the real claim is more as to the effect or construction which is to be given to the provisions than their relation to the title of the act as distinct subjects of legislation. The claim really is that these provisions of the act in effect repeal by implication other provisions of the Code of Civil Procedure relative to the time when appeals may be taken, and conflict with still other provisions in several respects. But these are matters which have no relevancy to the question of the validity of the act itself. Whether the act in question repealed by implication other portions of the code or conflicts with them, can only be determined when presented in a proper case. The construction of the act can have no bearing on the question whether section 24 of article IV of the constitu-

tion has been violated or not. We look at the title of the act and its provisions to determine whether under the liberal rule above stated the latter conform to the subject expressed in the title. If they do, then the constitutional provisions have been followed. As far as the objections urged by counsel are concerned they only affect the construction to be given to provisions which are all addressed to the subject-matter of the title, —namely, the method of taking an appeal. When the provisions are thus pertinent to the title of the act, the constitutional mandate is complied with and the construction of its provisions, which is a matter entirely aside from the constitutionality of the act itself, must be left until occasion calls for its consideration.

In this view respondent's objection to the constitutionality of the act as violating the particular provision of the constitution relied on is untenable.

The same may be said of the objections of respondent to the other act providing a method of preparing the record on appeal. These objections do not go to the validity of the act upon the score of legislation not expressed in its title. The claim is that the act is obscure, ambiguous, and uncertain; that it is indefinite as to the meaning of certain terms and as to what is required to be done on the part of counsel, the clerk, and the court in various particulars with respect to the transcript. But these are all matters applying to the construction of the act with which on this motion we are not concerned.

It is next insisted that the act violates section 13 of article I, relating to "due process of law," because it does not require that the notice of appeal shall be served on him so that he may have his day in court. But this constitutional provision has no application as to notices of appeal. "Due process of law" is law in its regular administration through courts of justice (2 Kent's Commentaries, 10) and as said by Judge Field in *Pennoyer* v. *Neff*, 95 U. S. 714, of the words "due process of law" when applied to judicial proceedings, "they then mean a course of legal procedure according to those rules and principles which have been established in our system of jurisprudence for the enforcement and protection of private rights." It is the right of any litigant to have his cause tried and determined under rules of procedure the same as are applied to other similar cases, and when this is afforded him

he has no ground to complain that "due process of law" is not being observed. Before any appeal is taken the court has already acquired jurisdiction in the action over the parties by original process and the appeal is but a proceeding in the cause after that jurisdiction has attached. What the method and procedure in taking an appeal shall be is a matter for determination by the legislature, and that it can prescribe, in the exercise of its plenary power over the subject, for taking an appeal without any service of the notice thereof is so clear as to admit of no doubt. Counsel for respondent has cited us to no authority which even by analogy supports his claim that failure to provide for service of the notice of appeal is not "due process of law." The only cases referred to by him are those of this court where it is held that the service of notice of appeal was necessary in order to confer jurisdiction upon this court on appeal. But these cases have no bearing on the question here because heretofore our statute has always required service of the notice, and, of course, when the legislature prescribes service it is essential that it be made. None of these cases cited even intimates (and naturally would not because the question could not be involved) that the legislature might not, as it has in this act, dispense with service without violating the constitutional provision. Whether service of the notice shall or shall not be made is its province to determine and no constitutional right of respondent is invaded because it is declared that such service need not be made. The purpose of service could only be to give the respondent actual notice that an appeal had been taken. But as he is constructively in court during the pendency of the action, it was no violation of the constitutional provision to require him to take notice of any such appeal as part of the proceedings in the case. The statute fixed the time in which the notice of appeal might be filed and the respondent could readily ascertain by examining the records and files of the case in the clerk's office whether it had been in fact filed. Having notice in law that it might be filed within a specified time, he was bound in law to take notice of its actual filing within that time.

What is here said as to the objection of want of service of notice of appeal, applies equally to the claim of respondent that the act relative to the method of preparing the transcript is objectionable constitutionally because it does not provide

for service of the notice filed with the clerk that the appellant intends to appeal and requiring that a transcript be made up. His right to the service of notice is no better in the one case than in the other and he has no constitutional right to have service of it in either.

It is further claimed that the act in question does not provide for an appeal from probate orders. But this claim is answered by the terms of section 941a heretofore quoted which provides an appeal "from all judgments, orders or decrees of any of the superior courts of this state," etc.

It appears that subsequent to the order settling his accounts the superior court revoked the letters of administration of appellant. Thereafter, he appealed from the order of settlement. Respondent insists that appellant had no right to appeal as administrator after the revocation of his letters. This point has no force. The statute confers on the administrator as such the right of appeal from an order settling his accounts and the right to do so cannot be affected by any order revoking his letters. The cases of *Kerns* v. *Dean*, 77 Cal. 555, [19 Pac. 817], *Ex parte McDermott*, 127 Cal. 450, [59 Pac. 783], and *Estate of Danielson*, 88 Cal. 480, [26 Pac. 505], cited to sustain the position of respondent are entirely inapplicable. This is so apparent that it would be time ill-spent to particularly point it out. Aside from this, the order revoking the letters was itself appealed from.

Nor is there any merit in the point that the appeal should be dismissed for failure of appellant to file an undertaking on appeal for costs. The act under which this appeal is taken does not require the filing of any such bond. It was a matter solely for the legislature to determine whether it would require such a bond to be given and it has dispensed with it.

The motion to dismiss the appeal is denied.

Shaw, J., Angellotti, J., Sloss, J., Henshaw, J., and Beatty, C. J., concurred.