## MILLER v. BRADBURN et al.

No. 15363—Opinion Filed Feb. 17, 1925.

1. Executors and Administrators — Allowance of Claims—Right of Removed Administrator to Prosecute Appeal.

Where an heir of a deceased person is appointed administrator of the estate of such decedent, and as such administrator perfects an appeal to the district court from an order of the county court directing the payment of a claim against such estate, and subsequent to the perfecting of such appeal the administrator is removed by the county court, it is not error for the district court to permit such removed administrator to prosecute such appeal.

**2.  Same — Establishment of Claims — Procedure.**

"A claim against the estate of a decedent can only be established: (I) By being first presented to and allowed by the executor or administrator, and then being presented to and approved by the county judge; (2) or by judgment thereon in an action against the personal representative in the proper court."   In Re Barnett's Estate, 52 Okla. 623, 153 Pac. 653.

**3. · Same — Necessity for Allowance by Administrator—Invalidity of Court Order.**

An order of the county court directing an administrator to pay a claim against the decedent's estate, which was never presented to or allowed by such administrator as provided by sections 1235 and 1238, Comp. Stat. 1921, is void.

(Syllabus by Dickson, C.)

Commissioner's Opinion, Division No. 4.

Error from District Court, Pottawatomie County; Thomas A. Edwards, Assigned Judge.

Action by Eva Miller against the estate of I. N. Bradburn, deceased, J. W. Bradburn, and C. A. Knight, administrator. From judgment for defendant J. W. Bradburn, plaintiff has appealed.  Affirmed.

T. G. Cutlip, for plaintiff in error.

Wyatt & Waldrep, for defendant in error.

Opinion by DICKSON, C. On the 29th day of January, 1922, I. N. Bradburn died intestate in Pottawatomie county, leaving surviving him six children, among whom was the plaintiff in error, Eva Miller, and J. W. Bradburn, one of the defendants in error.

On the 14th day of February, 1922, the said J. W. Bradburn was appointed administrator of the estate of the said I. N. Bradburn, deceased, and on the same day qualified as said administrator and caused notice to creditors of said estate to be published and posted as required by law.

On the 8th day of May, 1923, the said administrator filed his final account and petition for distribution of said estate and final discharge.

On the 21st day of May, 1923, the plaintiff in error filed in the county court of Pottawatomie county a protest against the account of said administrator. the material part of which is, in substance: . That the estate of said I. N. Bradburn, deceased, is largely indebted to the protestant, that the protestant is the daughter of said deceased, and that for five years prior to the death of said I. N. Bradburn she lived in the home of the deceased, and that said protestant took care of the deceased for about 50 months prior to his death, and that a reasonable charge for said service is $20 per month, or $1,000; that no formal claim against said estate was ever presented to said administrator for allowance; that the protestant was able, ready, and willing to file said claim, but that protestant and the administrator agreed that said sum of $1,-000 was a reasonable compensation for the services rendered.  She further alleged that the said administrator not only agreed to said allowance, but agreed to prepare a statement of account and formally file the same, and neglected and refused to do so, and prayed that the court allow said claim of $1,000 and charge said item against said estate.

On the 18th day of June, 1922, the matter was heard before the county court of said county, upon the final settlement filed by said administrator, and the protest filed by the plaintiff in error, and the county court made an order allowing said claim of the plaintiff in error in full as a claim against the estate of said I. N. Bradburn, deceased, and · ordered the same paid out of the funds of said estate in due course of administration.  From this order the administrator appealed to the district court.

After said appeal had been perfected, the county court made an order removing the said J. W. Bradburn as administrator of said estate, and appointed C. A. Knight as his successor, and on the 4th day of September, made an order authorizing said C. A. Knight to dismiss said appeal to . the district court, so taken by J. W. Bradburn, as such administrator.

It appears that on the 7th day of September, 1923, in compliance with the above-mentioned order, the said C. A. Knight, as administrator, attempted to dismiss said ' appeal "by filing a dismissal with the papers in the case," upon which the clerk made an entry of dismissal.  On November 16, 1923, the district court of said county sustained a motion striking out said entry of dismissal, and the case was set down for trial.

The plaintiff in error, Eva Miller, on the 23rd day of November, 1923, filed in said cause a motion to vacate the order last mentioned, and on the 24th day of the same month the said C. A. Knight filed in said cause a motion to set aside said order vacat-

ing the entry of dismissal. Both of these motions were overruled and said ruling assigned as error.

In the meantime the said J. W. Bradburn appealed from the order of the county court removing him as such administrator, but this appeal appears to have been dismissed.

On the 19th day of February, 1924, the case was tried in the district court on the merits between the said J. W. Bradburn, defendant in error, and Eva Miller, plaintiff in error, and a judgment and decree entered reversing the order of the county court of June 17, 1923, and directing the county court to deny the said claim.

A motion for a new trial was timely filed and overruled and the case has been duly appealed to this court.

The plaintiff in error contends that the district court erred: 1. In not vacating the entry dismissing the appeal. 2. In permitting J. W. Bradburn to appear in said cause so appealed after he had been removed as such administrator. 3. In holding and deciding that a claim against the estate could not be allowed by the county court, unless it was first presented and allowed by the administrator.

The first and second contentions may be disposed of together. It is to be observed that the appeal was perfected to the district court before the said J. W. Bradburn was removed as such administrator. It also should be borne in mind that the said J. W. Bradburn was one of the heirs of said intestate, and had an interest in the subject-matter of said appeal, and there was no error in permitting him to appear on the trial. He had taken said appeal as provided by law and his bond was liable for the costs thereof. He had made and filed his final report and petition for distribution and discharge, and as one of the heirs of said deceased was entitled to have the matter finally disposed of.

It has been held that an order revoking the letters of administration does not affect the administrator's right to appeal from an order settling his final account. In this case the final settlement, order of distribution, and final discharge were necessarily delayed by the order of the county court directing the administrator to pay the claim of the plaintiff in error.

"The statutory right of an administrator, as such, to appeal from an order settling his accounts is not affected by any order revoking his letters of administration. * * *

"It appears that subsequent to the order settling his accounts the superior court revoked the letters of administration of appellant. Thereafter he appealed from the order of settlement. Respondent insists that appellant had no right to appeal as administrator after revocation of his letters. This point has no force. The statute confers on the administrator, as such, the right of appeal from an order settling his accounts, and the right to do so cannot be affected by any order revoking his letters. The cases of Kerns v. Dean, 77 Cal. 555, 19 Pac. 817, Ex parte McDermott, 127 Cal. 450, 59 Pac. 783, and Estate of Danielson, 88 Cal. 480, 26 Pac. 505, cited to sustain the position of respondent, are entirely inapplicable. This is so apparent that it would be time ill spent to particularly point it out. Aside from this, the order revoking the letters was itself appealed from." McPhee's Estate (Cal.) 97 Pac. 878.

The plaintiff in error was in court asserting her claim, which, if allowed, would reduce the amount of the estate to be distributed in the sum of $1,000. The defendant in error J. W. Bradburn had taken the appeal in his official capacity, but in addition to this he was interested as an heir of the estate of I. N. Bradburn, deceased. Besides the plaintiff in error could not have been prejudiced. It was immaterial to her who conducted the defense against said claim.

The court held as a matter of law that the statutory method of establishing claims against the estate of a deceased person was exclusive. In this we think the court was right. Comp. Stat. 1921, sections 1234 and 1238, inclusive. Such claims must be verified and presented to the administrator or executor for allowance within four months after the first publication of the notice to creditors. If said claim be allowed by the administrator he must indorse thereon his allowance and the claim must then be presented to the county judge for his approval, and in case it is so approved, he must so indorse said claim. If the claim is rejected by either the administrator or the county judge, it cannot be paid out of said estate, unless it is established by a judgment of a court of competent jurisdiction, and proceeding in such court must be commenced within three months from the rejection of such claim. Comp. Stat. 1921, section 1240. This seems to be the uniform holding of this court.

"A claim against the estate of a decedent can only be established (1) by being first presented to and allowed by the executor or administrator, and then being presented to and approved by the county judge, or (2) by judgment thereon in an action against the personal representative in the proper court."

"The judge of the county court has power only to approve such a claim where the executor or administrator has already allowed the same; and an order of the county court, purporting to allow such claim after the executor or administrator had disallowed it, is void." Osborn v. Foresythe, 54 Okla. 40, 153 Pac. 207; In re Barnett's Estate, 52 Okla. 623, 153 Pac. 653. See, also, Williams v. Jackson, 72 Okla. 141, 179 Pac. 603.

The intestate died on January 29, 1922, the notice to creditors was published and posted on the 14th day of February, 1922, and no claim was ever presented to the administrator; the first written claim of any character presented by the plaintiff in error was made on the 29th day of May, 1923, in the form of a protest against the final account of the administrator. It is clear that it was barred by the statute of limitations.

"No claim must be allowed by the executor or administrator, or by the judge, which is barred by the statute of limitations." Comp. Stat. 1921, section 1241.

There is no theory upon which the plaintiff in error's contentions can be sustained, and the judgment appealed from should be in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 24 C. J. p. 385, § 1071 (1926 Anno). (2) 24 C. J. p. 317, § 937. (3) 24 C. J. p. 376, § 1051 (1926 Anno).