449 P.2d 601

Joseph T. O'BRIEN, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable Kenneth C. Chatwin, a Judge thereof, Respondents.

No. 9417.

Supreme Court of Arizona.

In Banc.

Jan. 22, 1969.

------◇------

Herbert Mallamo, Phoenix, for petitioner.

John W. Rood, George Sorenson and Jack C. Cavness, Phoenix, for respondents.

UDALL, Chief Justice:

Petitioner, Joseph T. O'Brien, was appointed guardian of the persons and estates of his two minor adopted brothers when his mother died in 1964. Two guardianship bonds were posted by O'Brien, one for $10,000.00 and the other for $115,000.00, a total of $125,000.00. In April 1967, the guardian ad litem of the two boys nominated Transamerica Title Company as the guardian of the estates. After a hearing the respondent judge revoked O'Brien's letters of guardianship and appointed Transamerica in his place. The court further ordered O'Brien to turn over the assets of the estates to Transamerica. O'Brien appealed the order and filed a

$250 bond for costs. Shortly thereafter the respondent judge, sua sponte, fixed a supersedeas bond at $75,000. O'Brien refused to post the supersedeas bond and the court issued an order to show cause why O'Brien should not be held in contempt for refusing to turn over the assets. We granted O'Brien's petition for Writ of Certiorari to review the orders of the trial court.

The single issue is whether the court erred in fixing a supersedeas bond of $75,000.00. O'Brien contends that he should not be required to file any bond on appeal.

Rule 73(p), Rules of Civil Procedure, 16 A.R.S., provides: "No bond shall be required for an appeal taken by * * * [a] guardian in his representative capacity." It is contended by O'Brien that the above rule exempts him from filing an appeal bond and that although his appeal concerns his personal interest in retaining the guardianship he is also acting in his representative capacity as guardian of the persons of the two boys. We find no merit in the argument. The appeal concerns O'Brien's continuance as the guardian of the estates and does not affect his relationship as guardian of the persons. We have held that when an individual appeals from an order removing him as administrator of an estate he does not act in a representative capacity in prosecuting the appeal, and is therefore not relieved from giving an appeal bond. In re Morales' Estate, 11 Ariz. 160, 89 P. 540 (1907). The rule is equally applicable in the case of a guardianship. However, it is our opinion that the supersedeas bond was unnecessary in this case. The only purpose to be served by the bond is to protect the estates from damages which might be sustained because of the suspension of the order requiring O'Brien to turn over the assets to Transamerica. The estates, which at the time of the hearing together amounted to approximately $110,000, are already protected by the $125,000.00 guardianship bond.

138

· In the event the assets of the estates are greatly increased, making the guardianship bond inadequate, the bond can be increased by order of the court. We fail to see the necessity of any more protection than that already afforded.

· O'Brien has filed a cost bond and we hereby order the respondent court to approve that bond and stay any further proceedings in the matter pending conclusion of the appeal.

LOCKWOOD, V. C. J., and STRUCK-MEYER, McFARLAND and HAYS, JJ.