# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## JULY TERM, 1868.

## ROBERT JUDSON AND GILBERT J. PLACE *v.* HARLOW S. LOVE, PAUL MALOY, *et als.*

JUDGMENT FOR OR AGAINST A PARTY DECEASED.—Where a party to an action dies after verdict or other decision therein, judgment in pursuance of such verdict or decision may nevertheless be rendered as provided in section two hundred and two of the Practice Act, but in no other such case can judgment be rendered so as to affect the interests of the representatives or successors of the party deceased, without the proper substitution of such representatives or successors.

IDEM—MOTION FOR NEW TRIAL AND APPEAL AFTER DEATH OF PARTY.—Where, in an action by J. against L. and others, L. died after verdict rendered for defendants, and thereafter J. moved for a new trial, without suggestion made of the death of L., or a substitution of his successors in interest, and appealed from the judgment rendered on the verdict and an order denying a new trial: *Held*, that all said proceedings, except the rendition of judgment upon said verdict, were void, and that the appeal as to L. should be dismissed.

IDEM—AUTHORITY OF ATTORNEY OF A PARTY DECEASED.—Where a party litigant dies after verdict, the authority of his attorney to act for him is thereby determined, and he can neither give nor receive notice of motion for new trial or of appeal.

IDEM.—If the attorney be the executor of the will of the party deceased, though it were admitted that he became executor before the probate of the will, yet he will not become a party to the suit until he is made so in due form.

Statement of Facts.

MODE OF SHOWING THE DEATH OF A PARTY AND SUBSTITUTION OF HIS LEGAL
REPRESENTATIVES.—The death of a party *pendente lite* should be made known
by suggestion of that fact to the Court, and the action continued by order of the
Court against the representative of the party deceased, of which he must be duly
notified before he can be affected by further proceedings in the action.

SUGGESTION OF THE DEATH OF PARTY.—WHEN IT MAY BE MADE.—It is regular
and proper to suggest the death of a party to an action in any Court and at any
stage of the proceedings. And the death of a party occurring before the appeal
taken may be shown in this Court by affidavit of the fact.

IDEM—MOTION TO DISMISS APPEAL AS TO PARTY DECEASED—PRACTICE.—Regu-
larly, the appellant is, under the rule, entitled to five days notice of motion to
dismiss an appeal and to service of copies of moving affidavits ; but where, in the
absence of such notice and service, the motion is submitted on the merits, and
the objection is taken for the first time in brief of counsel, the objection will be
deemed waived. Moreover, in such a case any judgment that might be rendered
on appeal, so far as it related to the party deceased or his legal representative,
would be a nullity, whether the death were brought to the notice of the Court
judicially or not.

APPEAL from the District Court, Fourth Judicial District,
City and County of San Francisco.

This was-an action of ejectment to recover a tract of land
in the City and County of San Francisco. The several
defendants made separate defenses to the action and by
different attorneys. In the Court below judgment passed in
favor of all the defendants. The plaintiffs moved for a new
trial, which was refused, and thereupon appealed from both
the judgment and the order denying a new trial. Upon
suggestion made by appellants in this Court of a diminution
of record, a writ of *certiorari* was issued to the Court below,
and the return thereto exibited more fully the proceedings
taken by appellants in the perfecting said appeal. There-
after, and before the argument of said cause, John L. Love,
as the executor of the last will and testament of Harlow S.
Love, and M. C. M. Love, claiming to be the legal repre-
sentative of said Harlow S. Love, moved to dismiss the
appeal as to said Harlow S. Love, and was, together with
the other issues arising on the appeal, by consent, submitted
on briefs to be filed. The motion was based on affidavit.

The other facts are stated in the opinion of the Court.

*John L. Love*, for the Motion.

*B. S. Brooks*, for Appellants.

The service on the executor is good.   I insist that even if
the facts were as alleged in support of the motion, the appeal
was well taken, and service was properly made.   John Lord
Love was the attorney for the defendant, Harlow S. Love,
and, it is asserted by him, that H. S. Love died *three days*
after the verdict, having by his will appointed John Lord
Love his executor.

It will not be disputed that the plaintiffs had a right to
move for a new trial.   They had *five* days to serve their
notice of intention.   They could not serve it on H. S. Love,
because he was dead.   The only persons who could be
served were his attorney of record, his counsel who tried
the cause, and his executors; and all these were duly served.
I am not aware of any authority that holds that a suit abates
by death, after the verdict, or ever did, at common law.   But
under our statute it does not abate even before judgment.
As the cause of action survives the death, the action also
survives.

But, says my opponent, there cannot be an attorney of a
dead man.   Certainly not.   But I will suppose that my
opponent has received a retaining fee of one thousand dol-
lars to attend to the defense of this suit; will he contend
that the death of his client discharges him?   I think his
contract is with his client and his successors in interest.   If
a man retains me to collect a note, and pays me my fee, and
after I have commenced suit transfers his cause of action to
another, I am not thereby discharged; I become at once the
attorney of his assignee, and am bound to obey his instruc-
tions and to account to him.   And so if my client dies, and
his rights pass by his will or by inheritance to another, I
am not discharged of my employment, but am bound to
proceed with it, and I become instantly the attorney of

whoever has succeeded to my client's interest. Appellants have a right to have the judgment against them reviewed on appeal, and if they have complied with all the demands of the law that are possible, it is sufficient.

But the statute says I may serve my notice on the attorney or on the party himself. This action is brought to recover the possession. Who has it? I bring my suit against the defendant, who is occupying, not as a tenant, but in his own right. When he dies, on whom does the law cast the possession? Clearly, I think, upon the executor. It is his duty to enter upon and take possession of all the estate of the deceased, and sell it if necessary, and deliver the possession to the purchaser. He is the personal representative of the testator. (Toll. Com., Book I, Sec. 4.)

I submit to the Court that the motion to dismiss cannot be granted. First—Because there is no matter apparent upon the record on which to ground any such motion under Rule XIII. Second—Because no motion has been presented to the Court, under Rule XXIV, which can authorize this Court to try a question of law or fact not presented by the record. Third—Because the service on John Lord Love, the attorney of record, was good service. Fourth—Because, even if H. S. Love died three days after verdict, service on his executor was sufficient.

By the Court, SAWYER, C. J.:

A motion is made to dismiss the appeal as to the defendant Love, based, firstly, upon exceptions to the transcript; and, secondly, upon affidavits filed, showing that defendant, Love, died on the 5th of March, 1866, after the rendition of the verdict in the Court below, and before any notice of intention to move for a new trial was given, on the ground that all subsequent proceedings on motion for new trial, and the attempt to appeal, are void and ineffectual for any purpose as to said defendant, Love, and his successors in interest, for want of any proper party to the suit, or of any person upon

whom a valid service of papers could be made. It is claimed by appellant, that the defects in the record have been supplied, and, for the purposes of our decision, it may be so assumed. Conceding the record to be sufficient upon its face, it shows that defendant, Harlow S. Love, was represented in the case by his attorney, John Lord Love; that on the 17th of March, 1866, notice of intention to move for a new trial was served on said attorney, John Lord Love; that the necessary papers were prepared, and motion for new trial made and denied on the 13th of April, 1867; and that on the 25th day of April, 1867, a notice of appeal from the judgment and order denying new trial was served on John Lord Love. It nowhere appears in the transcript, whether said John Lord Love took any part in the proceedings in the Court below, subsequent to the service on him of the notice of motion for new trial. It does not appear that the death of Harlow S. Love was ever suggested in the Court below, or that his representatives have ever been in any way made parties to the action. The affidavit of said John Lord Love, filed in this Court before the calling of the case for argument, as the basis, in part, of the motion, shows that defendant, Harlow S. Love, died on the 15th of March, 1866—two days before the service of notice of intention to move for a new trial.

It is clear that all these proceedings, except the entry of judgment on the verdict before rendered, had since the death of defendant, Harlow S. Love, on the 15th day of March, 1866, are irregular and void as to him and his successors in interest. There was from that time forth no party before the Court as to the interest of Love in the matter in controversy, and no one authorized to represent it. The power of attorney necessarily ceased with the death of the principal. No further proceedings could be had without bringing in the representatives of Love. The Practice Act authorizes a judgment to be entered upon the verdict, when a party dies after verdict and before judgment, (Sec. 202,) but this is as far as it goes. *Warren* v. *Eddy*, 13 Abb. Pr. 30, is in point.

Notice of argument had been served on the attorney of defendant after the death of the latter. The Court say: "At the time of the service of the notice, J. W. Culver could not act for a dead man, and he had no authority to act for or represent the estate. The order of the general term for affirmance by default founded on such notice, was, therefore, irregular, inasmuch as it was made without notice to any one representing the estate of Daniel F. Eddy." So in *Sanchez* v. *Roach,* 5 Cal. 248, the appeal was taken and perfected after the death of the appellant, and the appeal was dismissed on that ground. The Court say: ".The affidavit of the respondent's counsel, which was not contradicted, shows that the appellant died on the same day that the judgment was rendered. There was then no authority for prosecuting the cause in the name of the deceased; but all proceedings ought to have been stayed until, by suggestion, his executor or administrator was made a party. Let the appeal be dismissed." It can make no difference whether the deceased is the appellant, or moving party, or the respondent in the proceeding. His former attorney could not give a notice of motion for new trial or of appeal that would be effectual, for he has ceased to have any authority in the matter. If he has no authority to give such notice, he has none to receive one, or act upon it in the further stages of the proceedings, when it is received. He has become a stranger to the proceedings. It is insisted, however, that it appears from Love's affidavit that John Lord Love is the executor of the will of defendant, and that the executor may lawfully perform almost every act which is incident to his office before the probate of the will and issuing of letters testamentary; that his interest is vested by virtue of the will, at the instant of the death of the testator. Suppose this be admitted, it does not follow, that the service of the notice of intention to move for a new trial or appeal on him is effectual. If he is an executor before the probate of the will, he is still not a party to the suit till he is made so in due form. He must be brought into the suit *as a party* before he can be affected by any pro-

ceedings in the suit. The death of Harlow S. Love has never been suggested, and John Lord Love has never been made a party to the suit. The action must be continued against the representative under section sixteen of the Practice Act, and he must be duly notified of the fact of his being made a party before he can be affected by notices or proceedings in the action. Till he is made a *party* to the suit as executor, he is as much a stranger to the proceedings as a party to be affected by it, as if he were not the executor of the will of deceased, and we have already seen that he has ceased to have any authority as attorney.

It is claimed, however, that we must take the transcript as we find it, and that we cannot inquire into the death of the defendant, unless that fact is disclosed in the record of the Court below. The record could not disclose the fact, unless it had appeared somewhere in the course of the proceedings. The death of defendant never was brought to the knowledge of the Court below. The appellant did not suggest the defendant's death, or move to continue the action against his representatives. The plaintiff was the only party interested in bringing in the representative. The representative was not bound to thrust himself unbidden into the action. He was safe, for no valid proceeding could be taken by the appellant without him. The record below could not disclose the fact of defendant's death, for it was no part of the proceedings in the case. Even if we were to proceed further on this appeal, and render judgment, it would be a nullity, whether we are informed of the decease of the defendant, judicially, or not. It would be useless, therefore, to entertain the appeal. But we are informed of the fact by the affidavit filed. It is regular and proper to suggest the death of a party in any Court, and at any stage of the proceedings. It has now been suggested, and it is our duty to stop, whether there is any motion to dismiss or not. It is said, however, that we cannot act upon the affidavit because the appellant was entitled to five days or more notice of the motion to dismiss, also, to a service of the affidavit of the moving party. This might

have been a good objection to hearing the motion at all at the time it was made, or until notice should be given and service made. But no such objection was made at the time the motion was submitted. The motion was submitted on its merits, on briefs to be filed, and the objection of want of notice is now made in the briefs for the first time. The objection was waived by not taking it in time. The object of the notice is that the party may not be taken by surprise— that he may come with counter affidavits, or be otherwise prepared to meet it. There was evidently no surprise, and the motion was submitted on the merits. As in the case of *Sanchez* v. *Roach*, 5 Cal. 248, the affidavit of the death of defendant was not contradicted, and it appears that he died before the service of the notice of appeal, and that all of the proceedings since the verdict, except the entry of judgment in accordance with it, are ineffectual for any purpose as against defendant Love.

Let the appeal, as to Love, be dismissed.

Mr. Justice RHODES expressed no opinion.