[No. 9823.  Department One.—June 24, 1885.]

MILTON T. LITTLE, APPELLANT, v. DAVID JACKS, RESPONDENT.

NEW TRIAL—NOTICE OF INTENTION.—A notice of intention to vacate the judgment is not a notice of intention to move for a new trial.

ID.—AMENDMENT OF NOTICE.—A notice so radically defective cannot be amended after the time allowed by statute for giving notice has expired.

APPEAL from an order of the Superior Court of Monterey County allowing the defendant to amend his notice of intention to move for a new trial.

The facts are stated in the opinion of the court.

*D. M. Delmas,* for Appellant.

*S. S. Houghton,* for Respondent.

ROSS, J.—It appears from the bill of exceptions in this cause that on January 9, 1884, the court made and filed its written findings of fact and conclusions of law, and entered its judgment thereon, of which defendant had due notice, on the same day. Within ten days thereafter defendant gave plaintiff notice of his intention to move the court to vacate and set aside the *judgment.* This was not a notice of intention to move for a new trial. (*Sawyer* v. *Sargent,* 65 Cal. 259; *Martin* v. *Matfield,* 49 Cal. 42.) The time allowed by statute for the giving of a notice of the latter character expired with the tenth day after the notice of the decision was given. To allow a notice filed within statutory time, but which was radically defective, to be amended after the expiration of that time would be in effect to extend the time allowed by statute for the giving of such notices, which the courts have no power to do.

Order reversed.

MCKINSTRY, J., and MCKEE, J., concurred.

Hearing in Bank denied.