[18033. Department One.— May 20, 1893.]

W. S. PACKER ET AL., RESPONDENTS, v. PHILIP DORAY ET AL., APPELLANTS.

NEW TRIAL— NOTICE OF MOTION — MINUTES OF COURT — SPECIFICATIONS OF ERROR — AMENDMENT AFTER TIME LIMITED — INADVERTENCE — JURISDICTION. — Where a notice of motion for a new trial states that the motion will be made upon the minutes of the court, and upon the grounds, among others, of errors of law occurring at the trial and excepted to, but the notice fails to specify the particular errors relied upon, the notice is radically defective, and an order of the court, upon motion by the moving party, granting leave to amend the notice after the expiration of the statutory time for its filing, by adding the required specifications, upon the ground of inadvertence, is without jurisdiction.

APPEAL from an order of the Superior Court of Sierra County, granting a motion to amend a notice of intention to move for a new trial.

The facts are stated in the opinion of the court.

*Frank R. Wehe,* and *F. D. Soward,* for Appellants.

The original notice being radically defective, it was error for the court to allow it to be amended. (*Little* v. *Jacks,* 67 Cal. 165; *Cooney* v. *Furlong,* 66 Cal. 521; *Thompson* v. *Johnson,* 60 Cal. 295; *Kelly* v. *McKibben,* 54 Cal. 193; *Thompson* v. *Lynch,* 43 Cal. 482; *Hegeler* v. *Henckell,* 27 Cal. 495; *Bunnel* v. *Stockton,* 83 Cal. 319; *Clark* v. *Crane,* 57 Cal. 632; *Brichman* v. *Ross,* 67 Cal. 602.)

*J. M. Walling, Tirey L. Ford,* and *Goodwin & Goodwin,* for Respondents.

The amendment was properly allowed. (*Sweeney* v. *Stanford,* 60 Cal. 362; *Preble* v. *Bates,* 37 Fed. Rep. 772; *Polack* v. *Hunt,* 2 Cal. 193; *Gavitt* v. *Doub,* 23 Cal. 81; *Newmark* v. *Chapman,* 53 Cal. 559; Code Civ. Proc., sec. 473.)

The COURT.— This case was tried by the court, without a jury, in June, 1891, and the 18th of September following findings were filed and judgment entered in favor of the defendants. Written notice of the decision was served on the plaintiffs by the defendants on the day the findings were filed. Thereafter, on the 28th of the same month, the plaintiffs served and filed written notice of their intention to move for a new trial.

The notice stated that the motion would be made upon the minutes of the court, and upon the grounds of insufficiency of the evidence to justify the decision; that the decision was against law; and of errors in law which occurred at the trial and were excepted to by the plaintiffs. Attached to the notice were numerous specifications of the particulars wherein the evidence was alleged to be insufficient to justify the decision, but there were no specifications of any errors in law.

Thereafter, on the 7th of December, 1891, plaintiffs served on defendants and filed in court a notice that they would apply to the court for permission to amend their "notice of intention to move for a new trial" by adding thereto a specification of "errors in law." Accompanying this notice was a copy of the proposed specification of errors and an affidavit made by one of the plaintiffs' attorneys. The affidavit stated, among other things, that the notice of the decision was served on the affiant on the 18th of September, 1891, and that from the 19th to the 25th of that month he was actively engaged in attending to other legal business; that on the 28th of the same month he served and filed for plaintiffs their notice of intention to move for a new trial, and that in drafting the notice, through stress of other business, he inadvertently omitted to specify therein the particular errors of law upon which plaintiffs would rely on their motion; "that this affiant fully intended that said motion for new trial should be based in part upon errors of law occurring at the trial and excepted to by plaintiffs, as stated in said notice of intention, and the omission to specify the particular errors of law upon which plaintiffs would rely was wholly the result of inadvertence and oversight of this affiant." The motion to amend was heard by the court and granted on the 17th of December, 1891, and from that order this appeal is prosecuted by defendants.

Section 659 of the Code of Civil Procedure provides that the party intending to move for a new trial must, within ten days after notice of the decision of the court, file and serve upon the adverse party a notice of his intention, designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits or the minutes of the court, etc., and that "when the motion is to be made upon the minutes of

the court, . . . . if the ground of the motion be errors in law occurring at the trial, and excepted to by the moving party, the notice must specify the particular errors upon which the party will rely. If the notice does not contain the specifications here indicated, when the motion is made on the minutes of the court, the motion must be denied."

It is evident, from the language above quoted, that in order to give the court jurisdiction to grant a new trial, when the motion is made upon the minutes of the court and upon the ground of errors in law occurring at the trial, the notice of motion must specify the particular errors relied upon, and if it does not the motion *must* be denied. The notice here under review contained no such specifications, and was in that respect radically defective. The only question then is, could it be amended by adding the required specifications, after the statutory time for giving notice had expired?

In *Little* v. *Jacks*, 67 Cal. 165, the appeal was from an order allowing the defendant to amend his notice of intention to move for a new trial, and the court, reversing the order, said: "To allow a notice, filed within statutory time, but which was radically defective, to be amended after the expiration of that time, would be, in effect, to extend the time allowed by statute for the giving of such notices, which the courts have no power to do." (And see *Cooney* v. *Furlong*, 66 Cal. 521.)

It must be held, therefore, that the plaintiffs had no right to amend their notice at the time and in the manner they asked leave to do so, and that the order of the court allowing the amendment was erroneous.

The order appealed from is reversed.