[S. F. No. 5925.  In Bank.—November 7, 1911.]

JOAKIM LANG, Administrator of the Estate of Albert Lang, Deceased, Appellant, v. LILLEY AND THURSTON COMPANY et al., Defendants. LILLEY AND THURSTON COMPANY, Respondent.

APPEAL—METHODS OF TAKING — METHODS OF PREPARING AND FILING TRANSCRIPT.—If an appeal is taken under sections 941a, 941b, and 941c of the Code of Civil Procedure, the appellant may follow it up

by filing a printed transcript and copies thereof, as required by the rules of the supreme court, or, at his option, by filing the typewritten transcript authorized by sections 953a, 953b, and 953c. Conversely, if he takes his appeal as provided in section 940 of that code, by serving and filing a notice of appeal and undertaking on appeal, he may support such appeal either by a transcript prepared and filed under sections 953a, 953b, and 953c, or by a transcript printed and filed as was customary previous to the enactment of those sections and as directed by the rules of the supreme court.

ID.—JURISDICTION OF APPEAL.—The supreme court has jurisdiction of the appeal by the filing of a notice either under section 940 or under sections 941a, etc., and that jurisdiction is not ousted by the method of preparing or filing the transcript.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Costello & Costello, for Appellant.

Samuel Rosenheim, and Bernard Silverstein, for Respondent.

THE COURT.—The respondents move to dismiss the appeal on the ground that no proper transcript on appeal was filed within the time allowed by the rules of this court. The appeal is from the judgment only.

The facts upon which the motion to dismiss is based are that the appeal was taken in the manner provided in sections 941a, 941b, and 941c of the Code of Civil Procedure; that the transcript is printed and filed in this court in accord with our rules, and that no notice was given to the clerk to prepare a transcript on appeal and it was not prepared in the manner provided in sections 953a, 953b, and 953c of said code.

The act of 1907 enacting sections 941a, 941b, and 941c as new sections of the Code of Civil Procedure (Stats. 1907, p. 753), provides that an appeal may be taken by the filing of a notice of appeal in the office of the clerk of the superior court. Under this mode of taking an appeal, no undertaking on appeal need be given and the notice of appeal need not be served upon the adverse party.

The act of 1907, enacting sections 953a, 953b, and 953c as new sections of said code (Stats. 1907, p. 750), provides that when an appeal is taken, a typewritten transcript on appeal may be made up, as therein directed, and may be filed without printed copies.

These two statutes are entirely independent of each other. If an appeal is taken under sections 941a, 941b, and 941c, the appellant may follow it up by filing a printed transcript and copies thereof, as required by the rules of the supreme court, or, at his option, by filing the typewritten transcript authorized by sections 953a, 953b, and 953c. Conversely, if he takes his appeal as provided in section 940 of the Code of Civil Procedure, by serving and filing a notice of appeal and undertaking on appeal, he may support such appeal either by a transcript prepared and filed under sections 953a, 953b, and 953c, or by a transcript printed and filed as was customary previous to the enactment of those sections and as directed by the rules of this court.

The consequence is that the motion of the respondents is not well taken. The court has jurisdiction of the appeal by the filing of a notice either under section 940 or under section 941a, etc., and that jurisdiction is not ousted by the method of preparing or filing the transcript. It may be gotten up and filed under the old method or under the new method, as the appellant may choose.

The motion is denied.