[S. F. No. 5769.    Department One.—June 4, 1912.]

## UNION COLLECTION COMPANY (a Corporation), Appellant, v. DEW R. OLIVER, Respondent.

Appeal.—Alternative Method of Taking—Undertaking Unnecessary—Record on Appeal.—By the "new and alternative method" of taking appeals, provided by section 941b of the Code of Civil Procedure, an undertaking on appeal is dispensed with, and is no longer essential to the jurisdiction of the appellate court. This is so, notwithstanding the record on appeal is prepared, in accordance with the former method, in the form of a bill of exceptions, instead of by the reporter's transcript authorized by section 953a of that code.

Practice—Failure to Move for New Trial in Time—Trial Court Cannot Relieve from Consequences.—The trial court is without power, under section 473 of the Code of Civil Procedure, to relieve a party from the consequences of his failure to serve and file his notice of intention to move for a new trial within the time allowed by law.

Id.—Motion for New Trial an Independent Proceeding.—The motion for a new trial is in the nature of a new and independent proceeding collateral to the judgment in the action, and a party who has permitted the time within which he may move for a new trial to lapse has not had any "proceeding taken against him," within the meaning of section 473 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of San Francisco denying a motion to dismiss a motion for a new trial.  John Hunt, Judge.

The facts are stated in the opinion of the court.

J. S. Reid, for Appellant.

Frank H. Gould, Vincent Surr, Avery C. White, and I. F. Chapman, for Respondent.

SLOSS, J.—The plaintiff, having recovered a judgment in the court below, appeals from an order denying its motion to dismiss the defendant's motion for a new trial.  At the outset it may be said briefly, that the respondent's contention that the court is without jurisdiction of the appeal because the appellant failed to file a bond for costs on appeal is without

merit. The "new and alternative method" of taking appeals, provided by section 941b of the Code of Civil Procedure, enacted in 1907, dispenses with the necessity of an undertaking (*Mitchell* v. *California etc. Co.*, 154 Cal. 731, [99 Pac. 202]; *Estate of McPhee,* 154 Cal. 385, [97 Pac. 878]). The fact that a bill of exceptions was prepared, in place of the reporter's transcript authorized by section 953a, has no bearing upon this question. The latter section has to do with the preparation of a record on appeal. An appeal having been properly taken, in compliance with either the old or the alternative method, the record may be made up in any way permitted by the Code. (*Lang* v. *Lilley & Thurston Co.,* 161 Cal. 295, [119 Pac. 100].)

It appears that the verdict on which plaintiff's judgment is based was returned on September 7, 1905, and the time within which defendant was entitled to file and serve notice of intention to move for a new trial would, under section 659 of the Code of Civil Procedure as it then read, have expired on September 17, 1905. (Code Amendments, 1873-4, p. 315.) On the last-named day, plaintiff by written stipulation extended defendant's time to serve and file such notice to the twenty-third day of September, 1905. There was no further extension by stipulation or by order of court. The defendant served and filed his notice of intention on the twenty-fifth day of September. On October 7th, the plaintiff moved to strike the notice from the files, whereupon defendant applied for, and on October 20th, obtained from the court an order relieving him from his default in the service and filing of said notice.

The principal contention of the appellant, and the only one that need be considered, is that the trial court was without power to relieve the defendant from the consequences of his failure to serve and file his notice of intention to move for a new trial within the time allowed by law. The argument is that where a party has failed to move for a new trial within the period limited by the code, he has waived his right to make such motion and that the provisions of section 473 of the Code of Civil Procedure do not authorize the court to revive the right which has thus been lost.

The position is sustained by the decisions of this court. It is true that a very liberal construction has been given to the terms of section 473. Thus, for example, it has been held that the trial court may relieve a party from the consequences of

his failure to serve in time a proposed bill of exceptions (*Stonesifer* v. *Kilburn*, 94 Cal. 33, [29 Pac. 332]; *Pollitz* v. *Wickersham*, 150 Cal. 238, [88 Pac. 911]), or statement on motion for a new trial (*Vinson* v. *Los Angeles P. Ry. Co.*, 147 Cal. 479, [82 Pac. 53]), or from a failure to present to the judge for settlement, within the time allowed, a statement on motion for new trial with the amendments thereto (*Banta* v. *Siller*, 121 Cal. 416, [53 Pac. 935]). But such rulings have never been carried so far as to authorize the service and filing of a notice of intention to move for a new trial after the lapse of the time within which such notice might have been served and filed. In *Little* v. *Jacks*, 67 Cal. 165, [7 Pac. 449], the defendant within ten days after notice of the making and filing of findings, gave notice of his intention to move the court to vacate and set aside the *judgment*. This, as had theretofore been held, was not sufficient as a notice of intention to move for a new trial. The court made an order allowing the defendant to amend his notice of intention. The order was reversed, the court saying: "To allow a notice filed within statutory time but which was radically defective, to be amended after the expiration of that time would be in effect to extend the time allowed by statute for the giving of such notices, which the courts have no power to do." And, similarly, in *Packer* v. *Doray*, 98 Cal. 315, [33 Pac. 118], the notice of intention to move for a new trial, served and filed within time, stated that the motion would be made upon the minutes of the court and upon the ground, among other things, of errors of law occurring at the trial. The notice contained no specifications of errors of law. The moving party, after the lapse of time within which a notice of intention to move for a new trial could have been given, applied to the court for permission to amend his notice of intention by adding thereto a specification of errors of law. The motion was based upon an affidavit showing that such specifications had been inadvertently omitted. Upon appeal an order permitting the amendment was reversed, this court holding, upon the authority of *Little* v. *Jacks*, 67 Cal. 165, [7 Pac. 449], that the court below had no power to permit an amendment which would have the effect of a new notice of intention to move for a new trial. While the opinions in these two cases do not refer to section 473, an inspection of the briefs filed in support of the orders appealed from shows that

in each instance the moving party relied upon the provisions of that section.

These decisions have never been questioned, and we see no good reason for now departing from the rule thus declared. A motion for new trial, even when prosecuted within the statutory limitations, is frequently productive of great delay in the final disposition of the cause. Opportunities for further extending the pendency of an action after judgment should not be enlarged by an over-liberal construction of the code. Section 473 permits a party to apply to the court to be relieved from a "proceeding taken against him." Whatever may be said with respect to the failure to prepare or present for settlement a proposed bill of exceptions or statement, it seems quite plain that a party who has permitted the time within which he may move for a new trial to elapse has not had any proceeding taken against him. The motion for a new trial is under our practice in the nature of a new and independent proceeding collateral to the judgment in the action. (*Spanagel* v. *Dellinger,* 38 Cal. 284; *Brison* v. *Brison,* 90 Cal. 323, [27 Pac. 186]; *Houser etc. Co.* v. *Hargrove,* 129 Cal. 90, [61 Pac. 660]; *Knowles* v. *Thompson,* 133 Cal. 245, [65 Pac. 468].) It may be availed of by the losing party on condition that he act within the time and in the manner specified by the code. If he neglects to so act he has simply failed to take advantage of a proceeding open to him. The case is similar to that which would be presented by his failure to take an appeal within the time allowed by law. It is not contended that either the superior court or an appellate court has power under section 473, or otherwise, to revive a right of appeal where the party has for any reason failed to serve his notice of appeal within the time allowed. The respondent suggests, however, that the rule should be different with respect to the service and filing of a notice of intention to move for a new trial, for the reason that under section 1054 of the Code of Civil Procedure the superior court may extend (for a limited period) the time within which such a notice may be given, while power to extend the time for giving a notice of appeal is expressly withheld. But, even in the cases to which section 1054 applies, an extension can be granted only within the period during which the right to give a notice is still alive. (*Clark* v. *Grane,* 57 Cal. 629; *Freese* v. *Freese,* 134 Cal. 48, [66 Pac. 43].) After this

time has once elapsed, the case is just the same as if there were no statutory power to extend. No doubt the showing made in support of the motion to be relieved was sufficient to warrant the trial court in finding that any neglect on the part of the defendant was excusable, but this is of no consequence where the court has no power, upon any showing, to grant the relief.

The order is reversed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.