[Civ. No. 3018.   First Appellate District, Division One.—September 3, 1919.]

JOHN NEZIK, Respondent, v. WALTER D. COLE et al., Appellants.

[1] APPEAL—ALTERNATIVE METHOD — UNDERTAKING.—Under the new and alternative method of appeal provided by sections 941a, 941b, and 941c of the Code of Civil Procedure, enacted in 1907, an undertaking is not required.

[2] ID.—PERFECTING OF APPEAL—PREPARATION OF RECORD.—Under the new and alternative method of appeal, the party aggrieved, in order to perfect an appeal, is only required to file the notice of appeal provided for by section 941b of the Code of Civil Pro-

cedure. Having thus properly taken an appeal, he is not required to have a reporter's transcript of the proceedings made up and prepared as provided by section 953a of the same code, but may cause to be duly prepared and settled a bill of exceptions, containing the usual statement of the matters occurring at the trial, in accordance with section 650 thereof.

[3] CORPORATIONS—EXPIRATION OF TERM—DISSOLUTION.—A corporation is dissolved at. the expiration of the term of its corporate existence.

[4] ID.—TERM OF CORPORATE EXISTENCE — POWER TO SHORTEN.—A corporation has power to shorten the term of its corporate existence by an amendment to its articles of incorporation, even if the practical result of such abbreviation amounts to almost an immediate dissolution.

[5] ID.—EFFECT OF DISSOLUTION — CAPACITY TO SUE OR BE SUED — ABATEMENT OF PENDING ACTIONS.—Except as otherwise provided by statute, the effect of the dissolution of a corporation is to terminate its existence as a legal entity, and render it incapable of suing or being sued as a corporate body, or in its corporate name. It is dead, and can no more be proceeded against as an existing corporation than could a natural person after his death. There is no one who can appear or act for it, and all actions pending against it are abated, and any judgment attempted to be given against it is void.

[6] ID.—SECTION 400, CIVIL CODE, CONSTRUED—NECESSITY FOR SUB-STITUTION OF SUCCESSORS OR REPRESENTATIVES.—Section 400 of the Civil Code does not have the effect of continuing the existence of a corporation after dissolution so as to render it capable of defending actions in its corporate name. It is, therefore, necessary that, if the action continue at all, its successors or representatives, under section 400, be properly brought in on motion, as provided in section 385 of the ·Code of Civil Procedure.

[7] ID.—DISSOLUTION AFTER SERVICE OF PROCESS — INABILITY TO APPEAR—POWER OF COUNSEL TO CONTINUE TO ACT.—Where, after service of process but prior to appearance, a corporation defendant is dissolved, the subsequent filing of demurrers and answer in its name and purporting to be in its behalf are a nullity; and the action of counsel, who may have had authority to represent such defendant prior to the termination of the period of its legal existence, cannot, so far as that party is concerned, vitalize any

3. Period of existence of private corporation, note, 33 L. R. A. 577.

5. Abatement of action by or against corporation in absence of a saving statute by expiration of charter, note, 32 L. R. A. (N. S.) 446.

proceedings taken in the abated action after the corporation ceases to exist.

[8] ID.—DISSOLUTION OF CORPORATION DEFENDANT—HOW BROUGHT TO ATTENTION OF COURT—REMEDY OF PLAINTIFF.—The dissolution or death of a corporation defendant after service of process but prior to appearance, like the death of any other party to a pending action, can only be brought to the attention of the court on proper suggestion made by someone other than the defunct corporation. If the plaintiff intends to secure a judgment, enforceable against the persons who were the directors of the corporation prior to and at the time it ceased to exist, he should have them substituted under section 385 of the Code of Civil Procedure as parties in place of the corporation, after the latter has become *functus officio.*

[9] ID.—AMENDMENT OF PLEADINGS — SUBSTITUTION OF PARTIES — NOTICE.—The substitution of one party for another by order of court is not such an amendment of a pleading as is required to be made on notice or to be engrossed otherwise than to be entered in the minutes of the court.

[10] ID.—SUBSTITUTION OF DEFENDANTS — SUBSTANTIAL COMPLIANCE WITH CODE REQUIREMENTS.—In this action for damages for personal injuries, the notice of motion served on counsel who had represented the corporation defendant prior to the termination of its existence as a legal entity and the order of the court directing that the proposed amended and supplemental complaint be filed and made of record in the case, and further directing that the defendants named in said amended and supplemental complaint, who had been the directors of the corporation prior to and at the time it ceased to exist, have and were given twenty days from date of a service of a copy of such order in which to plead thereto, constituted a substantial compliance with section 385 of the Code of Civil Procedure, and operated to bring about a substitution of said directors as defendants in lieu of the defunct corporation.

[11] ID.—SUBSTITUTION OF PARTIES—NOTICE.—One substituted in a cause must be duly notified of the fact of his being made a party before he can be affected by notices or proceedings in the action.

[12] ID.—WANT OF NOTICE OF APPEARANCE — JUDGMENT INVALID.— Where, after the bringing of the action and the service of process, but prior to appearance, the corporation defendant ceased to exist as a legal entity, and the persons who were the directors of the corporation prior to and at the time it ceased to exist as a legal entity were substituted as defendants in lieu thereof, but there was no service upon or authorized appearance by or in behalf of such substituted defendants, the default entered in the action against them was unauthorized, and the judgment entered thereon void.

APPEAL from a judgment of the Superior Court of Inyo County. Wm. D. Dehy, Judge. Reversed.

The facts are stated in the opinion of the court.

Thomas, Beedy & Lanagan for Appellants.

Edmon G. Bennett, Chas. E. Barrett, W. A. Lamar and Platt & Sanford for Respondent.

WASTE, P. J.—Appeal from a judgment, entered after default, awarding damages in the sum of $17,688 for personal injuries.

Within the time when an appeal may be taken appellants filed with the clerk of the court in which the judgment was entered a notice stating the appeal from the same and served a similar notice on the attorneys for the adverse party. They did not, however, within five days after service of the notice of appeal, file the undertaking, or, in lieu thereof, make the deposit of money with the clerk as required by sections 940 and 941 of the Code of Civil Procedure, and no waiver of the same was ever made or filed. Neither did appellants, in lieu of preparing and settling a bill of exceptions, pursuant to the provisions of section 650 of the same code, file with the clerk the notice required by section 953a thereof, requesting that a transcript of the proceedings be made up and prepared.

On the contrary, appellants caused to be duly prepared and settled a bill of exceptions, containing the usual statement of the matters occurring at the trial. Respondent moves to dismiss the appeal upon the ground that no undertaking on appeal having been given or deposit in lieu thereof made, this court has no jurisdiction of the cause, for the reason that no appeal has been perfected in the manner or form prescribed by law.

The motion is without merit. [1] The new and alternative method of taking appeals provided by sections 941a, 941b, and 941c of the Code of Civil Procedure, enacted in 1907, dispenses with the necessity of an undertaking. (*Estate of McPhee*, 154 Cal. 385, [97 Pac. 878]; *Mitchell* v. *California S. S. Co.*, 154 Cal. 731, [99 Pac. 202]; *Union Collection Co.* v. *Oliver*, 162 Cal. 755, [124 Pac. 435]; *Title Ins. etc. Co.* v.

*California Dev. Co.,* 168 Cal. 397, 402, [143 Pac. 723].)
Section 941b provides that the notice of appeal when filed
"shall, without further action on the part of the appellant,
transfer the cause for decision and determination to the higher
court." "That this appeal was perfected under the new
method there can be no question. Appellant filed his notice
and that was all that was required to perfect it." (*Mitchell
v. California etc. S. S. Co., supra.*) [2] The fact that a bill
of exceptions was prepared in place of the reporter's tran-
script authorized by section 953a has no bearing upon the
question. The latter section has to do with the preparation of
the record on appeal. An appeal having been properly taken
in compliance with either the old or the alternative method,
the record may be made up in any way permitted by the
code. (*Lang* v. *Lilley & Thurston,* 161 Cal. 295, [119 Pac.
100]; *Union Collection Co.* v. *Oliver, supra.*)

The motion to dismiss the appeal is denied.

The original complaint in this action was filed July 8, 1914,
against the Pacific Coast Borax Company, then a corporation,
incorporated for a period of fifty years from and after July
5, 1912. It was alleged that plaintiff had suffered severe
personal injuries by reason of the negligence of defendant
in failing on two separate occasions to furnish him a safe
place in which to work. After obtaining time by stipulation
within which to plead, on September 18, 1914, counsel, who
later specially appeared in the action for appellants, filed a
general and specific demurrer, purporting to be interposed on
behalf of the Borax Company. At the hearing on demurrer
the same counsel orally suggested to the trial court that the
corporation defendant had ceased to exist, and moved for a
dismissal of the action, which was denied. The demurrer
was overruled and an answer was filed on April 26, 1915.

From the answer it appeared that on September 8, 1914,
which date was prior to the appearance of the company in
the action by proceedings duly taken to that end, the corpo-
ration had amended its articles by changing the term for
which it was to exist from fifty years to two years, two months
and seven days from and after the date of its incorporation.
In other words, the life of the company had expired on Sep-
tember 12, 1914, six days before the demurrer purporting to be
on its behalf was filed in this action.

After the service of notice thereof by plaintiff on the attorneys who first made the purported appearance in the action on behalf of the Borax Company, the court granted permission to plaintiff to file an amended and supplemental complaint, naming as defendants the appellants, who were alleged to be the directors of the Pacific Coast Borax Company prior to and at the time it ceased to exist as a corporation. The amended and supplemental complaint set forth the original causes of action, the facts relating to the termination of the life of the corporation, and that the directors thereof (appellants) had thereby become its trustees, with full power and authority to settle its affairs. The prayer of the amended and supplemental complaint was for recovery "of and from the said defendants" of the amount claimed as damages by reason of the personal injuries. The court ordered that the defendants named therein be given twenty days from the date of service of a copy of the order so fixing the time in which to plead.

No summons or any notice that the appellants so alleged to be directors of the Pacific Coast Borax Company prior to and at the time it ceased to exist had been made defendants in the action was served on the defendants, or either of them, or upon any attorney of record other than upon the attorneys who first appeared and filed the demurrer and thereafter the answer before referred to. Except in the same manner, no service was made of the court's order fixing the time within which defendants might plead to the amended and supplemental complaint.

The defendants not appearing, judgment by default was entered against them in the amount prayed for. Thereupon, the defendants specially appearing by counsel for the purpose, made a motion, supported by affidavits of merit and as to the facts, for an order setting aside the default judgment and all subsequent proceedings. The motion was based on the facts, substantially set forth herein, and the further fact that no one of the defendants was a director of the Borax Company at the time it ceased to exist. No counter-showing was made by the plaintiff. The court denied the motion and appellants have appealed from the judgment.

[3] A corporation is dissolved at the expiration of the term of its corporate existence (*Kohl* v. *Lilienthal*, 81 Cal. 378, 386, [6 L. R. A. 520, 20 Pac. 401, 22 Pac. 689]).

[4] The Pacific Coast Borax Company had power to shorten the term of its corporate existence by an amendment to its articles of incorporation, even if the practical result of such abbreviation amounted to almost an immediate dissolution. (*Tognazzini* v. *Jordan*, 165 Cal. 19, [Ann. Cas. 1914C, 655 130 Pac. 879].) [5] "It is settled beyond question that, except as otherwise provided by statute, the effect of the dissolution of a corporation is to terminate its existence as a legal entity, and render it incapable of suing, or being sued as a corporate body, or in its corporate name. It is dead, and can no more be proceeded against as an existing corporation than could a natural person after his death. There is no one who can appear or act for it, and all actions pending against it are abated, and any judgment attempted to be given against it is void." (*Crossman* v. *Vivienda Water Co.*, 150 Cal. 575, 580, [89 Pac. 335].) Where there is no statute providing for the continuance of the corporation itself after dissolution, for the purpose of settling its affairs, provision is generally made for the doing of this by others. We have such a provision in this state. Section 400 of the Civil Code provides: "Unless other persons are appointed by the court, the directors or managers of the affairs of a corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved, and have full power to settle the affairs of the corporation." Before the supreme court was called upon to construe the provision of the act of the legislature relating to the forfeiture of charters by corporations for failure to pay license taxes, to which we will shortly refer, section 400 was held to be applicable in all cases of dissolution, whether voluntary or involuntary. (*Havemeyer* v. *Superior Court*, 84 Cal. 327, 365, [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121]; *Crossman* v. *Vivienda Water Co., supra.*) Construing that section in the last-mentioned case the court said: "There is no statute of this state that authorizes the commencement or continuance of an action against the corporation after its legal death. We have no statute similar to that of several states, providing that in the event of the dissolution of a corporation its existence shall be continued either indefinitely or for a specified time for the settlement of its affairs. Statutes similar to our section 400 of the Civil Code above quoted do not have the effect of continuing the existence of the corporation as

*cestui que trust,* or otherwise, so as to render it capable of defending actions in its corporate name. (Thompson on Corporations, sec. 6739; Clark & Marshall on Private Corporations, sec. 333; *Sturgis* v. *Vanderbilt,* 73 N. Y. 384.) If section 385 of the Code of Civil Procedure, providing that an action does not abate by the death or any disability of a party, if the cause of action survives, is applicable to the case of a corporation, it does not authorize the continuance of the action against the corporation itself, but allows the action to be continued only against the 'representative or successor in interest,' brought in on motion." (*McCulloch* v. *Norwood,* 58 N. Y. 562, 568; see, also, *Judson* v. *Love,* 35 Cal. 463.)

Respondent, nevertheless, contends that the lower court having acquired jurisdiction over the defendant and the subject matter of the action by reason of the service of summons, continued to entertain and hold such jurisdiction, regardless of the fact that subsequent to such jurisdiction attaching the corporation voluntarily ceased to exist, and that, while the directors might properly be substituted as parties defendant, such substitution was not essential to a continuance of the action. He cites three cases as supporting this proposition: *Lowe et al.* v. *Superior Court of Los Angeles County,* 165 Cal. 708, [134 Pac. 190, 192]; *Brandon* v. *Umpqua Lumber & Timber Co.,* 166 Cal. 322, [136 Pac. 62]; *Turney* v. *Morrissey,* 22 Cal. App. 271, [134 Pac. 335]. An important distinction must be made in the consideration of these decisions. Each deals with facts arising under the provisions of the special act of the legislature relating to the payment of the license tax by corporations and cases of forfeiture under its provisions. By reference to the above statute, and acts amendatory thereof, we find that the provision of section 10a of the act of 1907 (Stats. 1907, pp. 746, 747), so strongly relied on by respondent, is restricted by the title of the act to "making provision for settling the affairs of corporations where said tax has not been paid," and by the language of the provision itself, to "cases of forfeiture under the provisions of this act."

As we read the cases relied on by respondent, they merely determine that, since the amendment of 1907 to the act in question, an action pending against a corporation which has forfeited its charter by reason of failure to pay its license

tax, shall not abate by reason of the forfeiture, but may be continued and prosecuted or defended in the corporate name, the control and management of the action, so far as the corporate interests are concerned, being in the directors or managers in office at the time of the forfeiture, they being the trustees of the corporation, its stockholders or members. (*Brandon* v. *Umpqua Lumber Co., supra.*)  We find nothing in any of said decisions, read in connection with the statute under which the cases arose, which may properly be said to remove this case, and cases like it, from the operation of the well-established general principles so succinctly stated in the authorities from which we have quoted.  [6]  As was so well pointed out by the chief justice in the Crossman case, *supra,* section 400 of the Civil Code, already quoted, does not have the effect of continuing the existence of a corporation after dissolution so as to render it capable of defending actions in its corporate name.  It was, therefore, necessary that if the action could continue at all that its successors or representatives, under section 400, be properly brought in on motion, as provided in section 385 of the Code of Civil Procedure.

[7]  Assuming the correctness of the recital in the judgment in this case, that the Pacific Coast Borax Company was regularly served with process, the filing of the demurrers and answer in its name and purporting to be in its behalf, was a nullity.  So far as the dead corporation itself was concerned there could be no admission or estoppel.  It could no longer be served with process, could not appear, could not itself admit anything nor authorize anyone else to do so for it.  It was legally dead.  (*Crossman* v. *Vivienda Water Co., supra.*)  The action of counsel, who may have had authority to represent the defendant company prior to the termination of the period of its legal existence, could not, so far as that party was concerned, vitalize any proceedings taken in the abated action after the corporation ceased to exist.  Any subsequent service on them by the plaintiff of the notice of motion to file the amended and supplemental complaint, the notice that such pleading had been filed, and of the time granted the substituted defendants within which to plead thereto, was not effectual, so far as any interest of the defunct corporation was concerned.  (*Deiter* v. *Kiser*, 158 Cal. 259, 262, [110 Pac.

921] ; *Bell* v. *San Francisco Savings Union*, 153 Cal. 64, 69, [94 Pac. 225] ; *Pedlar* v. *Stroud*, 116 Cal. 462, [48 Pac. 371].)

Unless, therefore, it can be shown that some other course was followed, the result of which was to properly bring the appellants into the action, after which, by due service or voluntary appearance, they were subjected to the jurisdiction of the court, the respondent will have failed to maintain his position here. [8] From the very nature of things the dissolution or death of the defendant, like the death of any other party to a pending action, could only be brought to the attention of the court on proper suggestion made by someone other than the defunct corporation itself. (*Combes* v. *Keyes*, 89 Wis. 297, [46 Am. St. Rep. 839, 27 L. R. A. 369, 62 N. W. 89].) If the plaintiff intended to secure any judgment in this case, enforceable against these appellants, he should have had them substituted under section 385 of the Code of Civil Procedure as parties in place of the corporation, after the latter had become *functus officio.* (*Ex parte Tinkum*, 54 Cal. 201, 203.)

The notice of motion given by the plaintiff for permission to file the amended and supplemental complaint was based upon the notice itself and upon all the records, pleadings, and files in said action. The verified proposed amended and supplemental complaint was attached to, and by apt reference made a part of, the notice and motion. There was on file in the action the purported answer of the Borax Company, which was duly verified by one purporting to have been the secretary of the corporation prior to and at the time it ceased to legally exist. It fully appeared in both of these verified pleadings that the defendant corporation was legally dead. It was alleged in the verified proposed amended and supplemental complaint that "immediately prior and at the time of said dissolution" appellants, naming them, "were the duly elected, qualified, and acting board of directors of said corporation, and that they, as such directors are now the legally constituted and authorized trustees, representatives, and successors in interest of said corporation, and trustees of the creditors, stockholders, and members of said corporation, with full power and authority to settle the affairs of said dissolved corporation, and to appear in and defend this action, and as such are true and proper defendants herein."

This notice of motion was not served on any of the appellants personally. It was addressed to the defendant Borax Company and to the attorneys who had purported to represent it in the earlier proceedings in the action. It was served on these attorneys and on no one else. [9] It seems to be the well-settled rule that the substitution of one party for another by order of court is not such an amendment of a pleading as is required to be made on notice or to be engrossed otherwise than to be entered in the minutes of the court. (*Kittle* v. *Bellegarde*, 86 Cal. 556, 562, [25 Pac. 55] ; *Taylor* v. *Western Pacific R. R. Co.*, 45 Cal. 323, 337.)

[10] No record appears in the transcript from which we may gather that a formal order was made and entered in the minutes of the court, either in substance or in *haec verba*, substituting the appellants as parties defendant in the place and stead of the Borax Company. We are of the opinion, however, that the notice of motion and the order of the court directing that the proposed amended and supplemental complaint be filed and made of record in the case, and further directing that the defendants named in said amended and supplemental complaint have and were given twenty days from date of a service of a copy of this order in which to plead thereto, constituted a substantial compliance with section 385 of the Code of Civil Procedure, and operated to bring about such substitution. (*Taylor* v. *Western Pacific R. R. Co.*, *supra; Campbell* v. *West*, 93 Cal. 653, [29 Pac. 219] ; *Ford* v. *Bushard*, 116 Cal. 273, 276, [48 Pac. 119].) Furthermore, there is a recital in the judgment regarding the substitution of the defendants which, liberally construed, would show, whether with formality or not, the suggestion of the dissolution of the original defendant and a continuance of the action, or a revival of it, against the appellants. (*Gregory* v. *Haynes*, 13 Cal. 592.)

[11] One substituted in a cause must be duly notified of the fact of his being made a party before he can be affected by notices or proceedings in the action. (*Judson* v. *Love*, 35 Cal. 463, 469.) "A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him." (Code Civ. Proc., sec. 1014.) None of these things was done in the instant case. The attorneys for the dissolved corporation defendant were never authorized to and

never appeared as attorneys of record in the cause for appellants so as to waive service of the amended and supplemental complaint or notice of its filing and of their time to answer. Service on them alone, as we have pointed out, was a nullity after the Borax Company ceased to exist. Prior to their appearance to move to set aside the default and judgment, which was special for that particular purpose, and in no sense a general appearance in the cause (*Powers* v. *Braly,* 75 Cal. 237, 239, [17 Pac. 197]), they never appeared in the action for the appellants at all. Proper service of the notice that appellants had been substituted as parties defendant in the action, and of the amended and supplemental complaint, not having been made on the appellants their rights were not affected by the subsequent proceedings.

[12] It follows, therefore, that as there was no service upon, or authorized appearance by or in behalf of the defendants, the default entered in the action against the appellants was unauthorized, the judgment entered thereon was void and must be reversed. (*Linott* v. *Rowland,* 119 Cal. 453, [51 Pac. 687]; *Hill* v. *City Cab etc. Co.,* 79 Cal. 188, 191, [21 Pac. 728]; *Altpeter* v. *Postal Tel. & Cable Co.,* 26 Cal. App. 705–713, [148 Pac. 241].)

The judgment is reversed and the cause remanded, with directions to the trial court to vacate and set aside the default of the defendants, with permission granted to them to plead to the amended and supplemental complaint, as in the original order therefor provided.

Richards, J., and Kerrigan, J., concurred.