## APPEAL FROM AN ORDER TERMINATING A GUARDIANSHIP.

Common Pleas Court of Knox County.

IN THE MATTER OF THE TERMINATION OF THE GUARDIANSHIP OF
CHARITY ANN ROBINSON.*

Decided, July 7, 1915.

*Guardian and Ward—Bond Required on Appeal from an Order Terminating Guardianship—Section 11209.*

An appeal by a guardian from a judgment terminating the guardianship is not in the interest of the trust and requires that the appeal be perfected by the filing of a bond within twenty days.

*R. L. Carr* and *Lott Stillwell,* for the plaintiff.
*Rawlins & Crouch* and *F. O. Levering,* contra.

FULTON, J.

William H. Wagner was appointed by the Probate Court of Knox County, Ohio, guardian of Charity Ann Robinson, and on the 9th day of February, 1915, a motion was filed in said probate court that the guardianship be terminated, and that she, Charity Ann Robinson, be restored to all things lost by reason of said guardianship. This motion was set down for hearing several times and was finally heard by the court on the 15th day of March, 1915, at which time, the court, after a full hearing of the matter, and argument of counsel, made the following order:

"It is hereby directed that the guardianship as to her (Charity Ann Robinson), heretofore granted by this court, terminate and William H. Wagner, guardian, is ordered to file a full account of his administration of said trust."

On April 2, 1915, William H. Wagner filed a written notice of his intention to appeal to the Court of Common Pleas of Knox County, Ohio, from the decision of the Probate Court of Knox County, Ohio, terminating the guardianship of Charity Ann Robinson, and the probate court certified to the Court of

---

* Motion for order directing Court of Appeals of Knox County to certify its record overruled by the Supreme Court December 7, 1915.

Common Pleas of Knox County, Ohio, the doings of said probate court in regard to said matter, being a complete transcript of the same. On April 15, 1915, a motion was filed in the common pleas court by Charity Ann Robinson to dismiss the appeal for two reason:

*First,* That the probate court has final jurisdiction in the termination of guardianship, and therefore this cause is not appealable.

*Second,* If this cause is appealable, then this appeal has not been perfected as provided by statute, in that no bond has been filed by the appellant within the time provided by law, and this case is not one that is in the interest of the trust and therefore does not come under Section 11209 of the General Code of Ohio.

The motion to dismiss this appeal upon the grounds stated therein was heard by this court. The question presented by this motion is as to whether or not, under the facts and circumstances in this case, it is necessary for William H. Wagner, in order to perfect his appeal, to file an appeal bond. The first branch of the motion the court does not consider because the court does not think that that branch of the motion is well taken. Coming to the second branch of the motion, to-wit: that it is necessary for William H. Wagner, in order to perfect this appeal, to file an appeal bond within twenty days, as required by Section 11209 of the General Code of Ohio, it is contended by the parties to the motion that this bond is required because this appeal is not in the interest of the trust. Section 11209 reads as follows:

"When an appellant from an order, judgment, or decree, in or by any state court or tribunal is a party in a fiduciary capacity in which he has given bond in Ohio for the faithful discharge of his duties, appeals in the interest of his trust, upon written notice to the court, within the time limited for giving bond, of intention to appeal, it shall be allowed without bond."

What was the position of William H. Wagner after the probate court, on the 15th day of March, 1915, made an order terminating the guardianship? Was he from that time on acting in a fiduciary capacity, and was he from that time on in any

way or in any manner guardian of Charity Ann Robinson? As far as the probate court was able, it had dissolved the relation of guardian and ward, and from the 15th day of March and forward the said William H. Wagner was not guardian of Charity Ann Robinson, but that relation had been severed by the probate court, and William H. Wagner sustained no relation towards Charity Ann Robinson excepting that of a private individual. This court thinks he was not from that time on acting in a fiduciary capacity.

The court has examined the several cases which have been cited, to-wit: the case decided by Judge Washburn in 4 N.P.(N. S.), 449; and the cases cited in the Pacific Reporter, to-wit: 36 Pac. Rep., 1059; 52 Pac. Rep., 68; 26 Pac. Rep., 505; and the 89 Pac. Rep., page 540, and the holding in each of these cases is that when an order is made terminating the guardianship by the probate court, and the person who has been guardian attempts to appeal, his appeal is not in a fiduciary capacity, and is not in the interest of the trust, but is a personal matter of his own, and, for that reason, in order that he might perfect his appeal, it is necessary for him to give a bond as required by the statute when he is not acting in a fiduciary capacity.

It it, therefore, the opinion of the court that the motion is well taken, and the appeal may be dismissed at the costs of William H. Wagner.