[No. 2466]

In the Matter of the Estate of CHARLES PEDROLI, Deceased.

LOUISE PEDROLI, Petitioner, v. JOSEPH SCOTT, Administrator of the Estate of Charles Pedroli, Deceased, Respondent.

[193 Pac. 852]

1. Executors and Administrators — Undertaking Given in Behalf of Administrator, Appealing from Revocation of Letters, Held in Capacity as Administrator, and Not as Individual.

On appeal from order revoking letters of administration, an undertaking, "Whereas, the above-named respondent, Joseph Scott as administrator, * * * has appealed to the supreme court," etc., *held*, given in behalf of the appellant in his representative capacity, and not as an individual.

2. Executors and Administrators—No Appeal by Administrator as Such from Order Revoking Letters.

An administrator cannot appeal in his representative capacity from an order which revokes his letters of administration, under Rev. Laws 6112; his only right of appeal being as an individual.

3. Executors and Administrators—Appeal as Administrator Not Good as Appeal as Individual.

Notice of appeal and undertaking on appeal by one "as administrator" from an order revoking his letters of administration cannot be considered as an appeal by such administrator in his individual capacity, and he will not be permitted

to perfect an appeal in his individual capacity, under Rev. Laws, 5358, which provides that no appeal shall be dismissed for insufficiency of a notice of appeal or undertaking thereon.

APPEAL from Sixth Judicial District Court, Humboldt County; *Edward F. Lunsford*, Judge.

In the Matter of the Estate of Charles Pedroli, deceased. Petition by Louise Pedroli for the removal of Joseph Scott as administrator. An order was entered, removing Scott and appointing petitioner as administrator; and from an order denying the motion for a new trial, Scott appeals. **Appeal dismissed. Petition for rehearing denied.**

*Campbell & Robins,* and *Thomas A. Brandon,* for Appellant:

"No appeal shall be dismissed for insufficiency of a notice of appeal or undertaking thereon." Rev. Laws, 5358.

"Any person interested in, affected by, and aggrieved at the decision of the district court  *  *  *  revoking letters may appeal to the supreme court of the state, to be governed in all respects as an appeal from a final decision and judgment in action at law." Rev. Laws, 6112.

Objections may be cured on suggestions of diminution of the record. Supreme Court Rule 8.

"We come next to the motion to dismiss the appeal. There are two reasons assigned. One is that the appellant has no interest in the subject-matter of the order appealed from. The other is that the testimony taken below has not been incorporated in the record. Neither of these reasons furnishes a ground for dismissing the appeal. The appellant (the removed administrator) has a direct interest in the subject-matter. His removal, if upheld, would deprive him of his commissions. An appeal lies from an order revoking letters of administration." Williams v. Addison, 48 Atl. 458; McAuley v. Tahoe Ice Co., 86 Pac. 913; Jarman v. Rea, 61 Pac. 790;

Coleman v. Perry, 61 Pac. 129; Hayes v. Union Merc. Co., 70 Pac. 975; Bouyssou's Estate, 82 Pac. 1066.

*Warren & Hawkins* and *Cheney, Downer, Price & Hawkins,* for Respondent:

Is the appeal prosecuted by appellant as an individual or as administrator of the estate? However this question may be decided, it is manifest, from the record, that the appeal must be dismissed. The order revoking the letters is an appealable order; but only those aggrieved at, or interested in, or affected by, the order can appeal therefrom. The estate is not aggrieved at or interested in or affected by the order. The only person so aggrieved, interested, or affected is appellant in his personal and individual capacity. But he appeals in his representative capacity. As administrator he has no appealable interest in the order and cannot appeal therefrom. "The revoking of his letters of administration affected him personally." In Re Henriques, 21 Pac. 80; In Re Morales Estate, 89 Pac. 540; Coutlet v. Atchison, T. & S. F. R. R. Co., 52 Pac. 68. "A public administrator, after his removal from office, has no interest in an estate of which he has taken charge which will support an appeal by him in a pending suit." Slater v. Thompson, 255 Fed. 768; Rutenic v. Hamaker, 76 Pac. 196; Edney v. Baum, 73 N. W. 454; Wiggin v. Plummer, 31 N. H. 251; Bank v. Stanton, 116 Mass. 435; In Re Dunham's Estate, 8 Ohio C. C. Rep. 162; Taylor v. Savage, 1 How. 282, 11 L. Ed. 132; More v. More, 59 Pac. 823.

Any effective appeal from the order revoking the letters of administration must have been taken and perfected by appellant as an individual, and not as a representative or administrator of the estate. Manifestly, from the record, the appeal was not taken and perfected by appellant as an individual; and, if it can be so construed, there is no undertaking on appeal, and the appeal is "ineffectual for any purpose." Rev. Laws,

5330, 5346; Scossa v. Church, 43 Nev. 403, 82 Pac. 925; Wood's Estate, 77 Pac. 481.

By the Court, COLEMAN, C. J.:

One Charles Pedroli, a resident of Humboldt County, Nevada, died intestate in Washoe County, on or about January 12, 1919, and on February 1, 1919, the district court of Humboldt County appointed one Joseph Scott administrator of the estate of the deceased, who thereupon qualified as such. Thereafter Louise Pedroli filed a petition, wherein she alleged that she was the widow of the deceased, and as such was entitled to administer upon the estate, and prayed the removal of said Scott and her appointment. Upon the hearing of said matter, in which the only question for determination was as to the widowhood of Louise Pedroli, the court found that the petitioner was the widow of the deceased, and entered an order removing Scott as administrator, and appointing petitioner. In due time an order was entered denying a motion for a new trial. By appeal from this order, an effort has been made to bring the matter to this court. The respondent moves to dismiss the appeal, several grounds being relied upon. We deem it necessary to consider but one of them, viz, that the said Scott had no right of appeal in his representative capacity, and that as an individual, or in an individual capacity, he did not, within five days after the service of the notice of appeal, file an undertaking on appeal, or make a deposit of money with the clerk of the court; the undertaking on appeal not having been waived by the adverse party.

Upon stipulation of counsel, the motion to dismiss was argued prior to the lapsing of the time for the filing of briefs on the merits of the appeal, and though counsel for respondent filed a very elaborate brief in support of the motion to dismiss, counsel for appellant filed simply what purports to be extracts from certain decisions without any statement whatever as to their

theory of the merits of the motion, relying entirely in the presentation thereof upon their oral argument. Just here we may say that such a practice cannot be commended. In view of the demands upon the time of the court, it is unsafe to rest a case of importance upon an oral argument only. As we recall the oral argument made by counsel for appellant, it went solely to the contention that the undertaking on appeal was given by Scott, not in his representative capacity, but as an individual, but that, if the court determine such not to be the fact, in view of the reluctance of courts to dismiss appeals, and the liberality governing the amending of appeal bonds, the motion in question should be denied, and Scott permitted to file a bond on appeal in his individual capacity.

1. As we read the undertaking on appeal, there can be no doubt but that it was given in behalf of appellant in his representative capacity. It reads:

"Whereas, the above-named respondent, Joseph Scott, as administrator of the estate of Charles Pedroli, deceased, in the above-entitled proceeding and matter, has appealed to the Supreme Court of the State of Nevada, from orders denying his motions for a new trial herein, all of which orders and judgment were so made, entered, and rendered in the Sixth judicial district court of the State of Nevada, in and for the county of Humboldt, in said cause, matter, and proceeding on the 30th day of March, A. D. 1920:

"Now, therefore, in consideration of the premises and of such appeal, we, the undersigned, residents and householders of Winnemucca, county of Humboldt, State of Nevada, do hereby jointly and severally undertake and promise on the part of the said Joseph Scott, as administrator as aforesaid, that the said respondent, Joseph Scott, as such administrator, will pay all damages and costs which may be awarded against him on said appeal or on a dismissal thereof, not exceeding the sum of $300.00, to which amount we acknowledge ourselves jointly and severally bound."

The first paragraph of the undertaking recites that the appellant has appealed "as administrator" of the estate of the deceased, and the obligation is to the effect that Scott will conditionally pay, "as administrator." We do not see how the English language could make it clearer that Scott has sought to appeal in a representative capacity only. If he had sought to appeal personally, it would hardly be expected that the sureties would obligate him to pay as administrator, in case of a dismissal of the proceedings or of an adverse judgment.

2. Having reached the conclusion that the undertaking was given in behalf of appellant in his representative capacity, the question is: Can he appeal as such? We are clearly of the opinion that he cannot. This conviction is based upon the fact that he has ceased to be the administrator of the estate, could not control the litigation thereof and handle its affairs generally, and, in fact, has no appealable interest therein. Section 6112, Revised Laws, specifically states who may appeal from an order revoking letters of administration. It reads:

"Any person interested in, affected by, and aggrieved at the decision and decree of the district court appointing an executor or administrator, revoking letters, allowing a final account, or disallowing it, decreeing a distribution or partition, order or decree, confirming or setting aside a report of commissioners, admitting or refusing a will for probate, and any other decision wherein the amount in controversy equals or exceeds, exclusive of costs, one thousand dollars, may appeal to the supreme court of the state, to be governed in all respects as an appeal from a final decision and judgment in action at law."

By this statute the right of appeal is limited to one who is "interested in, affected by, and aggrieved at" the removal. In what way was Scott affected by the removal? Solely to the extent of the compensation he might earn in the capacity of administrator. That is a personal interest; an interest antagonistic, so to speak,

to that of the estate itself. If he has a right to appeal as administrator, he would no doubt claim that the expense of the appeal which he might incur, including attorney's fees, should be paid by him as administrator out of the funds of the estate. But of what interest is it to the estate that Scott should be encouraged in prolonging litigation which cannot benefit the estate?

So far as we are advised, the authorities are unanimous in holding that, where one has been removed as an administrator, his only right of appeal is as an individual. In Coutlet v. Atchison, T. & S. F. R. Co., 59 Kan. 772, 52 Pac. 68, the Supreme Court of Kansas, in speaking of the right of appeal by one who has been removed as administrator, said:

"When the order removing her [administratrix] was made by the probate court, she was no longer administratrix. Her appeal from that order was not an appeal in behalf of the estate, or in furtherance of the trust she had been filling. Her appeal was an assertion of a personal right only."

Erlanger v. Danielson, 88 Cal. 480, 26 Pac. 505, was a case in which one Danielson was removed as administrator of an estate, and a brother of the deceased appointed in his stead. From the order of removal Danielson sought to appeal, and, failing to give an appeal bond, a motion to dismiss was made. In behalf of Danielson it was contended that it was not necessary that he give an appeal bond, since the statute required none of an administrator. The court, in disposing of the motion to dismiss, said:

"This is not a proceeding upon the estate of which he was administrator within the purview of that section. In the first place, he was not administrator. Whatever effect his appeal, when perfected, would have upon the order removing him, it was in full force until then. It follows that when he filed his notice he was not such officer and then had no administrator's bond. Suppose the contrary were held, and the order removing him was affirmed; how could his sureties be held for costs

incurred after his duties as administrator had ceased? But the section has reference to matters in which the estate is interested. This is his personal matter. The undertaking of his sureties is that he shall faithfully perform the duties of his office. How can he be said to be discharging official duty in appealing from an order relieving him from such duty? It is true, the legislature has the power to provide for obligations not mentioned in the bond, or entirely outside of its apparent scope, and one becoming surety after the law has been enacted will be bound accordingly, for he will be presumed to know of the law; but this is a harsh rule, and the legislature will not be presumed to have intended such consequence, unless the intent is clear. Here the intendments are all the other way. We think the appeal should be dismissed."

In the case of Knight v. Hamaker, 33 Or. 154, 54 Pac. 277, wherein Hamaker sought to appeal from an order removing him as administrator of an estate, upon consideration of a motion to dismiss his appeal, the court used the following language:

"In our opinion, the motion of Miller must be allowed. An administrator derives his authority to act exclusively from the appointment of the county court, and when such authority is withdrawn or revoked his power to act for the estate must necessarily cease. He is but the manager of an estate under the orders of the court, and the provisions of the statute, and his authority is derived solely from that source. When it is revoked he has no right to longer participate therein, or to control any of the proceedings in which it is interested. And as it is clear that a party cannot prosecute an appeal from a judgment unless he is in some way aggrieved by it, either personally or in some representative capacity, it necessarily follows that when Hamaker was removed as administrator, and Miller appointed in his place, the right to control further proceedings on the appeal vested in Miller, as the representative of the estate; and, if he does not desire to proceed any further in the matter,

Hamaker ought not to be heard to object. The motion of Miller to dismiss the appeal is therefore sustained."

3. But our attention is called to section 5358 of Revised Laws, which provides that "no appeal shall be dismissed for insufficiency of the notice of appeal or undertaking thereon, * * *" and it is said that Scott should be permitted to perfect an appeal in his individual capacity. Suffice it to say that the notice of appeal and undertaking on appeal are in every respect regular and sufficient. No objection is made to the undertaking on the ground that it is insufficient. It is admitted that both the notice and the bond are regular and sufficient, but it is contended that, being for the purpose of enabling Scott to perfect an appeal in his representative capacity, which he has no right to prosecute, the appeal should be dismissed. The statute referred to does not, nor was it intended to, meet the situation here presented.

For the reasons given, it is ordered that the appeal be dismissed.

ON PETITION FOR REHEARING

*Per Curiam:*
Rehearing denied.